### 8920

### WOODWARD v. SOUTHERN RY. CO.

### GLOVER v. SAME.

### MUNDAY v. SAME.

### LOWE v. SAME.

### KEEL v. SAME.

(83 S. E. 591; L. R. A. 1915c, 477.)

CARRIERS AND PASSENGER. ACCOMMODATIONS. PUNITIVE DAMAGES.

1. Where a passenger, offering to pay fare, is denied transportation, irrespective of the validity of the ticket held by him, it is immaterial whether or not his right to transportation upon such ticket had expired.

2. There being some evidence tending to show that the managing officers of a carrier knew of accidental detention of the passengers which delayed them in taking the train, the finding of the Court to that effect sustained.

3. Where a carrier had already extended the tickets of passengers who were delayed because of a sudden storm, but refused to take them on a later train because of insufficient equipment, it was no defense that the passengers were detained by an act of God until the time limit of their tickets had expired, and that their legal rights were therefore terminated.

4. A railroad corporation was liable for punitive damages in failing to transport passengers, presenting themselves and entitled to transportation, where, by orders of a superior in charge. evincing indifference to the rights of the passengers, the equipment necessary to transport them had been sent away with knowledge that it would be required for their accommodation.

5. Obedience to orders of superior officers is no defense to a corporation when its inferior agents acting for it fail to provide proper accommodations for passengers.

6. There being evidence to support an inference of indifference to the rights of its passengers to adequate accommodations the issue of wilfulness in failing to provide such accommodations was properly submitted to the jury.

Before GAGE, J., Aiken, October, 1913.    Affirmed.

Five separate actions by Mrs. Lena Woodward, Mrs. R. G. Munday, H. J. Glovre, Chester L. Lowe and Bertha Keel, against Southern Railway Company.

The facts are stated in the opinion.

*Messrs. Hendersons,* for appellant, submit: *Passenger must take notice of time limit on excursion ticket:* 65 S. C. 518; 82 S. C. 485; 62 S. C. 14; 62 Md. 95; 18 Am. & Eng. Ry. Cases 310.    *And is bound thereby:* 84 S. C. 175; 5 A. & E. Enc. of L. 613; 28 *Ib.* 177; 63 Md. 106; 61 Miss. 194.    *Question of law whether the furnishing of accommodations was unreasonable:* 65 S. C. 356; 78 S. C. 358.

*Mr. John F. Williams,* for respondent: *Testimony supports inference of wilful indifference to rights of passengers to accommodations:* 90 S. C. 361; 75 S. C. 334.    *Findings of fact not reviewable:* 91 S. C. 568.    *Duty of carrier to provide accommodations:* 81 S. C. 4.    *Question as to right of travel on tickets not made below:* 94 S. C. 127; 93 S. C. 367; 90 S. C. 472.    *Right of delayed passenger on a limited ticket:* 6 Cyc. 580.    *Waiver of time limit:* 9 Am. St. Rep. 513; 63 S. C. 290.    *Rights of purchaser of ticket:* 65 S. C. 524; 43 L. R. A. 140; 43 Ark. 529; 51 Am. Rep. 584; 115 N. C. 602; 44 Am. St. Rep. 474; 36 Fed. Rep 72; 89 Va. 639.    *Reasonableness of carrier's rules:* 6 Cyc. 546, note 5.    *Evidence to show wilfulness:* 94 S. C. 286.

FOOTNOTE.—As to how far ticket may be used fc · passage after expiration of time limit, see note in 16 L. R. A. 471, a ┊ also see notes to this case in L. R. A. 1915c, 477, as to allowance of ┘ nitive damages for indifference to passenger's rights.

August 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These actions were brought to recover damages for the failure of the appellant to transport the plaintiffs from Charleston to their homes in or near Aiken.    The plaintiffs had purchased special excursion tickets from Aiken to Charleston and by other lines from Charleston to the Isle of Palms.    The time limit on the tickets expired at 9 o'clock p. m. on the 14th July, 1912.    On account of a sudden storm, many passengers were detained until after the last train before the expiration of the time limit had expired.    The defendant had another train that left Charleston for Aiken about 11 o'clock.    The plaintiffs presented themselves for passage on this train, but there were insufficient accommodations on the 11 o'clock train and plaintiffs were refused passage.    The time limit was extended on account of the storm and the tickets were received on the return trip.    These tickets were accepted on the return trip so that no question can arise is this case as 'to the special provisions of a special excursion ticket.    One of the plaintiffs offered to buy a regular ticket, but the sale was refused as 'unnecessary.    When the 8:30 train left Charleston, it carried the excursion car and left the defendant without sufficient equipment to carry the belated excursionists at 11. Suit was brought before a magistrate for the failure to transport the belated excursionists on the 11 o'clock train. The magistrate found for the plaintiffs seventy-five dollars each.    There was an appeal to the Circuit Court. This appeal was heard by Mr. Justice Gage, then Circuit Judge.

Judge Gage reduced the judgment of the magistrate to five dollars actual and fifty dollars punitive damages.

The Circuit decree finds that: 1. There was no negligence in refusing to allow more passengers on the 11 o'clock train with the equipment it had.    2. That there was no misconduct on the part of the yard management.    3. That

the officers of the defendant knew that a large number of passengers were detained. 4. That the officers of the defendant knew that they had retained an insufficient number of cars to carry them. 5. That the passengers had the right to be carried back on the night of the 14th. 6. That the defendant ought not to have sent out empty cars at 8:30 o'clock when. they knew the remaining cars were insufficient. That the reason assigned for carrying out the empty cars was insufficient.

The defendant appealed to this Court from this judgment on several exceptions, but in argument raise five questions:

1. That by the act of God, plaintiffs were detained until the time limit of their tickets had expired and their legal rights were at an end.

The rights under the tickets were not in question; the tickets were extended and that plaintiff who offered to pay full fare was denied the right to transportation. It was a question of the right to transportation and not rates or tickets. This position can not be sustained.

2. Judge Gage erred in holding that Mr. Wassum, the superintendent, "knew that a large number of passengers had been detained by a storm in the bay and hence he should have made provision for these passengers in some way."

Judge Gage did not say that Mr. Wassum knew it, but that the "managing officers" knew it. There was evidence that they did know it or were charged with the knowledge, and this position can not be sustained.

3. The third, fourth and fifth proposition may be considered together as they raise the same question.

The appellants say that there can be no negligence or wilfulness, as Mr. Wassum was acting under instructions from Mr. Whalem, who was in charge of the excursion cars for this division, and those who carried the cars away were acting under orders from their superiors and were bound to obey them.

It is true that in well regulated corporations, the inferior shall obey the orders of the superior, and with the corporation the defense of obedience to orders may be a complete defense to the inferior, and it is on that very theory (in part) that the corporation is held liable for the acts of the employees.

4. It is said that there is no evidence to warrant punitive damages. This can not be sustained. "There was no error in submitting to the jury the issue of punitive damages, for the evidence in the case; and the lack of evidence, which it was incumbent on the defendant to introduce, offered reasonable ground for an inference of indifference to the rights of the passengers on the part of defendant in failing to provide adequate accommodations for them." *Cave* v. *Railway,* 94 S. C. 286, 77 S. E. 1017.

The judgments are affirmed.

CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting.* I dissent from the affirmance of the judgments in so far as they award punitive damages.

MR. JUSTICE GAGE, having heard this case on Circuit, did not sit on the hearing of this appeal.