EMMA HARDY v. PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

(Filed 14 October, 1914.)

1. **Evidence—Depositions—Commissioner—Mistake in Name—Notices.**
   Where the notice to take depositions correctly states the name of the commissioner appointed to take them, gives the time and place, and is otherwise regular, and it appears that the commission was issued to the commissioner with a slight error in the name—in this case "Brocks" for "Brooks"—it is error for the trial judge to exclude the depositions, as evidence, on that account, it appearing that the depositions were properly signed by the commissioner, etc.

2. **Evidence—Depositions—Irregularities—Waiver.**
   Where a party agrees that depositions, which have been taken by his opponent, may be opened and read upon the trial, reserving only the right to object to incompetent testimony therein, he waives his right to object to the irregularity of taking the depositions.

3. **Insurance, Life—Evidence—Application—False Statements.**
   Where a life insurance company resists recovery upon its policy and raises issues as to whether the insured had made false representations in his application for the policy, that he had never theretofore been examined for life insurance and rejected as an unsuitable risk, etc., it is error for the trial judge to exclude defendant's evidence directly bearing upon these issues, for such facts, if they existed, are material, as they would have had a substantial influence upon the insurer in deciding whether to issue the policy or not.

APPEAL by defendant from *Daniels, J.,* at May Term, 1914, of PITT.

This is an action upon a policy of life insurance issued to Isaac Carson Hardy for the benefit of the plaintiff, who is his daughter. The defense is that the said Isaac Hardy made false representations to the company, at and before the time of issuing the policy, in regard to the state of his health, the particular charge being that he falsely stated that he had never had consumption or rheumatism, and that he had never before been examined for insurance and rejected as an unsuitable risk. Issues were framed upon the averments of the answer as to these false representations, and submitted to the jury, and among others were these:

"12. Did the application falsely represent that the insured had never been examined for insurance, and rejected as an unsuitable risk?

"13. Had the said insured, prior to said application, applied for insurance in any company and had been rejected as unfit for insurance?"

Defendant proposed to read depositions of Dr. Clark W. Davis and George L. Williams, which had been taken before William E. Brooks, as commissioner, under a commission which issued to "William W. Brocks, Esq., notary public." The notice to plaintiff stated that the depositions would be taken "before William W. Brooks, notary public and commis-

sioner, at the office of the Union Central Life Insurance Company, in Cincinnati, Ohio, at 11 o'clock a. m. on 9 April, 1914." Upon objection by the plaintiff, the depositions were excluded by the court, and defendant excepted. It appears in the record that plaintiff waived irregularities in the deposition, consented that they might be opened, but reserved the right to object to incompetent testimony. Verdict and judgment for plaintiff, and appeal by defendant.

*W. F. Evans and Julius Brown for plaintiff.*
*Harry Skinner and Albion Dunn for defendant.*

WALKER, J., after stating the case: It is unnecessary to set forth the testimony of the two witnesses as it appears in the depositions, for it is sufficient to state that it was competent and relevant to issues 12 and 13, as it tended to show that Isaac Hardy had applied for insurance and had been rejected prior to the date of the policy issued by the defendant to him.

We were told on the argument that the court excluded the depositions because the commission was issued to W. W. Brocks, instead of W. W. Brooks, and signed and certified by W. E. Brooks; but this, we think, was not a good reason for their rejection. The person who was intended to act as commissioner was otherwise sufficiently identified, and plaintiff, if she had desired to be present, could easily have ascertained the place and time and the commissioner, by referring to the notice she received. Besides, she waived this irregularity and reserved only the right to object on the trial to the testimony as being incompetent. We are of the opinion that her agreement with the defendant amounted to a clear waiver of the defect, or misnomer, and it appears that she has not been prejudiced thereby. The objection was too technical and attenuated to be sustained. It should have been overruled and the depositions admitted. We do not say that all that is in the depositions is competent and relevant, but there is some such evidence there. The plaintiff has not yet specified her objections thereto, and its competency cannot be determined until she does so. She may fail to object to some or all of it, and thereby waive the incompetency of the evidence. If the court ruled that the testimony contained in the depositions was incompetent, and excluded them for that reason, there was error. It was material for the underwriter to know whether Mr. Hardy had before applied for insurance and been rejected. It would have had a substantial influence in deciding whether to issue the policy or not. *Fishblate v. Fidelity Co.,* 140 N. C., 589; *Bryant v. Ins. Co.,* 147 N. C., 183; *Alexander v. Ins. Co.,* 150 N. C., 536; *Gardner v. Ins. Co.,* 163 N. C., 367; *Schas v. Ins. Co.,* 166 N. C., 55.

This error entitles defendant to another jury.

New trial.