W. J. CROWELL v. MARYLAND MOTOR CAR INSURANCE COMPANY.

(Filed 28 April, 1915.)

**1. Insurance—Policies—Contracts—Interpretation.**

A contract or policy of insurance, like any other contract, is construed to carry out the intention of the parties as gathered from the words employed, and strictly against the insurer when ambiguously or obscurely expressed, as presumably it has been prepared by it; and the object of the contract being to afford an indemnity against loss, it will be so construed as to effectuate this purpose, rather than defeat it.

**2. Same—Automobiles—Reasonable Provisions—Hire or Passenger Service.**

In construing a policy upon an automobile, with express provision that it "will not be rented or used for passenger service of any kind for hire except by special consent of the company indorsed on the policy," it is held that a single act of renting or using the car for hire, by an employee of the owner without his knowledge, will not in itself be considered as such a breach of the owner's warranty as will forfeit the insurance thereon.

**3. Same—Loss by Fire—Continuous Service.**

Where the owner of a garage having automobiles for hire also keeps one there, with the others, but as his private car and for his own personal use, and has the same insured under a policy containing the provision that he will not rent out or use the car for passenger service for hire, the facts that his employee, without his knowledge, had taken a party out for hire in the machine to a certain place, and, on the next day, after the passengers had been discharged, and after the owner had himself resumed possession and control of the car, it was destroyed by fire, and that some time before, and on another occasion, this car had been used by an employee once in taking a passenger to the railroad station, do not constitute a forfeiture of the insurance, the renting or using the car for hire, as expressed in the policy, contemplating something of a more continuous nature than the isolated instances mentioned.

**4. Same—Hazard or Risk.**

The plaintiff having lost his automobile by fire, which was insured under a policy providing it should not be rented out or used in passenger service for hire, sued to recover thereon, and it appeared that immediately before the loss his employee, without his knowledge, had used the car for hire to others, but that the loss had occurred thereafter, and while being returned, after having some repairs made, to the owner's garage under his directions. There being no evidence that the outward trip had any direct bearing upon the loss, or increased the risk at the time thereof, it is *Held*, that, under the circumstances, the loss did not fall within the intent and meaning of the prohibitive clause of the policy, so as to work a forfeiture thereunder.

APPEAL by defendant from *Shaw, J.,* at October Term, 1914, of MECKLENBURG.

The defendant insured the plaintiff's motor car and accessories for $1,000, under a policy which, by its eighth clause, provided as follows: "The motor car hereby insured will not be rented or used for passenger service of any kind for hire, except by special consent of this company

CROWELL *v.* INSURANCE CO.

indorsed hereon in writing." The tenth and eleventh clauses declare
that the policy shall be void if there be false representation or conceal-
ment in certain particulars set forth, or any fraud or false swearing
about any matter relating to the insurance, and shall also be void if the
interest of assured in the car be other than the sole and unconditional
ownership, or if it be or become encumbered by a chattel mortgage, or
if there is any change in the owner's interest or title, other than that
caused by his death, whether by legal process or judgment or by his vol-
untary act, or otherwise. The nineteenth clause provides that "No suit
or action on this policy for the recovery of any claim shall be sustainable
in any court of law or equity until after full compliance by the insured
with all the foregoing requirements, nor unless commenced within twelve
months next after the loss or damage." In November, 1913, plaintiff
was the owner or proprietor of a garage in the city of Charlotte, N. C.,
and sometimes hired automobiles, and held a license for the purpose.
He also kept the car in question in the garage for his own use, and not
for renting or to be used in passenger service of any kind for hire,
though it had been used just once, before it was burned, to take a man
to the railroad station. The car was taken from the garage by Ben
Stitt, one of plaintiff's employees, and he carried a party of bird hunters
in it to Lincoln County on Thanksgiving day, 1913. It was punctured
several times on the return, and finally left at a place on the Dowd road,
6 miles from Charlotte, and Ben Stitt telephoned to another garage for
another car to take the party of men to the city. The car came and the
men were carried to the city, and Stitt paid the money he had received
from them for this service.

The defendant offered in evidence the proof of loss, signed by plaintiff,
in which he stated that the car had been used for his private purposes
"and some for hire."

The court charged the jury that if they found that the car was used
only twice, in carrying a man to the station at a former time and, on the
occasion when it was burned, to carry the hunters to Lincoln County,
under the circumstances as testified by the plaintiff, and only twice
during a period of a year and a half, it would not be such a renting or
using of the car "for passenger service for hire" as is forbidden by sec-
tion 8 of the policy, and they would answer the issue in respect thereto
"No"; but if, on the contrary, they found it was kept for hire and used
for hire, for passenger service, they would answer the issue "Yes," as
that was a violation of section 8 of the policy of insurance. The jury
returned a verdict for the plaintiff, and from the judgment thereon the
defendant appealed.

*Thad. A. Adams and Cansler & Cansler for plaintiff.*
*Cameron Morrison and J. H. McLain for defendant.*

WALKER, J., after stating the case: We find no material error in the trial of this case, and have concluded, after patient consideration of the facts, that substantial justice has been done, and in accordance with well settled principles of the law.   A policy of insurance, it may be said generally, should be interpreted by the rules which are applicable to other written contracts for the purpose of ascertaining and giving effect to the real intention of the parties.   We have said that it should be construed strictly against the insurer and favorably to the insured, when there is doubt or ambiguity in its terms, as it is supposed to be prepared by the former.   But, however this may be, the object of the contract being to afford indemnity against loss, it should be so considered as to effectuate this purpose, rather than in a way which will defeat it.   It should have, from every point of view, a fair and reasonable construction, unless it be so clearly and unambiguously expressed as not to require construction, when its words will be taken in the plain and ordinary sense.   *Bray v. Ins. Co.,* 139 N. C., 320; *R. R. v. Casualty Co.,* 145 N. C., 116; 19 Cyc., 655; *W. F. Ins. Co. v. Simons,* 96 Pa. St., 520; *Rogers v. Ætna Ins. Co.,* 95 Fed. Rep., 103; *Ins. Co. v. Kearney,* 180 U. S., 132; *F. C. Ins. Co. v. Hardesty,* 182 Ill., 39; *S. F. and M. Ins. Co. v. Wade,* 93 Am. St. Rep., 870; Vance on Insurance, p. 429.

The clause in this policy, upon the alleged violation of which the defendant relies to defeat a recovery, provides that the motor car thereby insured "will not be rented or used for passenger service of any kind for hire, except by special consent of the company indorsed on the policy." It is apparent, we think, that the parties, by this clause, contemplated, not a single act of renting or using the car for hire, a mere casual or isolated instance, and that, too, without the knowledge or consent of the owner, but something of a more permanent nature.   19 Cyc., 736.   This car was not "rented" in the sense of that word as employed in the policy, but it was used by the plaintiff's servant to carry the hunters to the country, but this can hardly be considered as being engaged in the "passenger service."   In *Mears v. Humboldt Ins. Co.,* 92 Pa. St., 15 (37 Am. St. Rep., 47), it was held: "We are not disposed to give the word 'use' in this policy the narrow construction claimed for it.   It must have a reasonable interpretation, such as was probably contemplated by the parties at the time the contract was entered into.   Nearly every policy of insurance issued at the present time contains this condition, or a similar one.   What is intended to be prohibited is the habitual use of such articles, not their exceptional use upon some emergency."   The case of *S. F. and M. Ins. Co. v. Wade, supra,* furnishes another illustration of this rule.   This machine was not kept for the purpose of being rented or used in the passenger service.   It was the merest accident that it was used on this occasion, "the other car which had been used for hire not

being in the garage that morning." This is what the witness Ben Stitt said about it, and, besides, when the car was burned the journey had been completed and all the parties had returned to the city by another car, the night before the burning, which was one of those unaccountable accidents, not attributable to any use of the car for carrying the parties to their hunting ground, so far as appears. The hire had been given up and the owner had resumed the possession of his private car, and placed it in the care of his servant to be brought back to the garage. We do not see, from the language of the policy, how such a case could have been intended by the parties as a ground of forfeiture. There was no increase of the risk, which would be incurred by its ordinary and perfectly legitimate use as a private automobile, it being all the time in the possession of the plaintiff's chauffeur, and, at the time of the fire, in his exclusive possession and control. It seems to us that it would be too narrow and rigid a construction of the clause if we should hold that this single act of the chauffeur falls within its prohibition, and consequently involves a forfeiture of the insurance. The carrying of the man, some time before, to the station was, if forbidden, too remote from the time when the car was burned, and is covered by the principle announced in *Cottingham v. Ins. Co.*, 168 N. C., 259.

At the time the car was burned the alleged forbidden use of it had entirely ceased, and its owner, without whose knowledge or consent it was taken out of the garage, had resumed possession and control of it, the tire had been repaired, and he was then engaged in returning it to the garage. The increase of risk by the wrongful use, if there was such, had entirely ceased and determined. It would seem, therefore, that upon this undisputed state of facts the case is brought fairly within the influence of the principle of *Cottingham's case.* Insurance companies have the right to insert in their policies reasonable conditions as to the use of the insured property, and the courts will not, by subtle and ingenious argument, construe away the provisions for their security or deprive them of their full benefit, as safeguards against fraud or negligence, or other unlawful act, nor, on the other hand, will they construe the policy so strictly in favor of the insurer as to make them more than they were designed to be—a protection against such hazards, and consequently a precarious indemnity to the insured. *Gardner v. Ins. Co.*, 163 N. C., 367. They are entitled, both insurer and insured, to a fair, just, and common-sense interpretation of the policy, so that the one may be restrained from doing things calculated unnecessarily to increase the risk, and which are forbidden by the policy, and the other may be held to the full obligation assumed by the contract to furnish a certain and reliable indemnity against loss, the parties being reciprocally held to the same measure of duty and fidelity in respect to the obligations imposed by the insurance contract.

The eighth clause is somewhat obscurely worded, and we must give it that construction which favors the plaintiff, as it involves a question of forfeiture. The words "passenger service," when considered in connection with the preceding words, "rented" or "used," imply more than a single act of renting or using, and refer to the business of carrying passengers for hire. It is susceptible of this meaning, which, under the familiar rule applicable to such cases where the language is not clear and definite, we are authorized to give them.

Being of the opinion that the case is not covered by the eighth clause of the policy, it is not necessary to discuss the other questions argued before us.

No error.