MRS. ADDIE JOLLEY v. JEFFERSON STANDARD LIFE
INSURANCE COMPANY.

(Filed 20 August, 1930.)

**1. Insurance E b—Where meaning of policy of insurance is ambiguous contract should be construed against insurer.**

Where the meaning of the language of a policy of insurance is ambiguous all doubt should be construed against the insurer, but where the terms of the policy are free from uncertainty there is no necessity for construction, and it is the duty of the courts to enforce such contracts as they are written unless fraud, public policy, or maintainable equities should intervene.

**2. Same—Incontestable clause does not prevent insurer from showing that risk causing death was not covered by policy.**

Where the double indemnity clause of a policy of life insurance expressly and clearly excludes from the operation of the clause death resulting from bodily injury inflicted by a third person, the incontestable clause of the policy does not operate to increase the risks covered therein, and the beneficiary of such policy cannot maintain that the incontestable clause withdraws from the insurer the right to contest the payment of the double indemnity, the effect of the incontestable clause being to preclude the insurer from questioning the validity of the contract at its inception, and to prevent it from maintaining that the policy thereafter became invalid by reason of a condition broken.

CIVIL ACTION, before *Devin, J.,* at September Term, 1929, of MARTIN.

On 15 April, 1919, the defendant issued to Joseph Henry Jolley a policy of life insurance. Thereafter on 26 May, 1929, plaintiff's intestate, "while sitting in the hall of his home and through no fault of his own, and being sane and sober, and being engaged in no fight, affray or other unlawful enterprise, was intentionally shot from ambush by some person, alleged to have been one Frank Cox." There has been no default in the payment of any premium and no waiver of any premium on account of disability and the insured had never engaged in military or naval service or any allied branch thereof. The said policy of insurance obligated to pay $2,500 to the insured's estate upon due proof of death.

The policy also contained the following double indemnity clause: "The company will pay the beneficiary in full settlement of all claims hereunder double the face amount of this policy, if during the premium-paying period, and before default in the payment of any premium, and before waiver of any premium on account of disability, and before any non-forfeiture provision is in effect, the death of the insured results from bodily injury within ninety days after the occurrence of such injury, provided death results directly and independently of all other causes, from bodily injuries effected solely through external, violent and acci-

dental means while the insured is sane and sober; except these provisions do not apply if the insured shall engage in military or naval service, or any allied branch thereof, in time of war, or in case death results from bodily injuries inflicted by another person or by the insured himself, or in case of self-destruction." Under the head of "General Provisions" occurs the following incontestable clause: "After one year from date this policy shall be incontestable for any cause except for nonpayment of premiums and violation of the provisions relating to military or naval service or any allied branch thereof in time of war, when the Double Indemnity and Total and Permanent Disability provisions shall not apply."

The defendant paid the plaintiff, administratrix of the insured, the full face amount of said policy, to wit, $2,500, but declined to pay the sum of $2,500 claimed by plaintiff under the double indemnity clause.

The trial judge, being of the opinion that the plaintiff was not entitled to recover "any sum whatsoever on account of the double indemnity provisions of the policy," nonsuited the case, from which judgment plaintiff appealed.

*Jos. W. Bailey* for plaintiff.
*Brooks, Parker, Smith & Wharton* for defendant.

BROGDEN, J. Does the incontestable clause in the policy preclude the insurance company from asserting that the risk producing the death was not covered by the terms thereof?

Stated baldly, the proposition of law is this: Does the incontestable clause modify, extend or enlarge the coverage clause?

An examination of the provisions of the policy involved in this litigation discloses that the double indemnity clause by express terms does not cover accidental injuries resulting in death occasioned and brought about by (a) participation in military or naval service or any allied branch thereof in time of war; (b) bodily injury inflicted by another person upon the insured; (c) bodily injury inflicted by the insured himself; (d) self-destruction at any time whether during the first policy year or afterwards.

It is clear therefore that accidental death resulting from bodily injury inflicted by a third party is not a risk covered by the policy or assumed by the insurance company. The plaintiff, however, insists that the incontestable clause of the policy withdraws from the company any and all right to contest the payment of double indemnity unless it should appear that death resulted from participation in military or naval service or any allied branch thereof in time of war. Thus the effect of plaintiff's contention is that, while injury inflicted by a third person

resulting in death is withdrawn in the double indemnity clause, such risk is written back into the policy by virtue of the application of the incontestable clause.

It is thoroughly established that if there should be doubt as to the true meaning of the language used in an insurance policy, such policy should be construed against the company, and all such doubts resolved against the insurer. *Crowell v. Ins. Co.,* 169 N. C., 35, 85 S. E., 37; *Allgood v. Insurance Co.,* 186 N. C., 415, 119 S. E., 561. Furthermore, "when a policy of insurance contains contradictory provisions, or has been so framed as to leave room for construction, rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligation of a warranty. The company cannot justly complain of such a rule. Its attorneys, officers or agents prepared the policy for the purpose, we shall assume, both of protecting the company against fraud, and of securing the just rights of the assured under a valid contract of insurance. It is its language which the Court is invited to interpret, and it is both reasonable and just that its own words should be construed most strongly against itself." *First National Bank of Kansas City v. Hartford Fire Ins. Co.,* 95 U. S., 673, 24 Law Ed., 563; *Underwood v. Ins. Co.,* 177 N. C., 327, 98 S. E., 832; *Poole v. Ins. Co.,* 188 N. C., 468, 125 S. E., 8. Notwithstanding, when the terms of the policy are free from uncertainty or ambiguity, there is no necessity for construction, and it is the plain duty of the Court to enforce such contracts as they are written unless fraud, considerations of public policy or maintainable equities should intervene. *Penn v. Ins. Co.,* 158 N. C., 29, 73 S. E., 99; *Gant v. Ins. Co.,* 197 N. C., 122, 147 S. E., 740.

The interpretation of incontestable clauses in insurance policies and the effect of such clauses upon other portions of the contract has produced sharp and wide divergence of judicial opinion.

The question was considered by this Court in *Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706. The Court citing authorities, declared: "The modern rule is that a life insurance policy containing a provision that it shall be incontestable after a specified time cannot be contested by the insurer on any ground not excepted in that provision." But what does the expression "contesting the policy" mean, or what is essential to constitute a contest of the policy? The identical question was considered in *Scarborough v. Ins. Co.,* 171 N. C., 353, 88 S. E., 482. It is there written: "By the use of the term "incontestable" the parties must necessarily mean that the provisions of the policy will not be contested, and not that the insurance company agrees to waive the right to defend itself against a risk which it never contracted to assume." Quoting

from *Collins v. Metropolitan Life Ins. Co.*, 27 Pa. Super. Ct., 345, the Court continued: "By its terms it is not the claim presented by the insured, irrespective of the cause of death, which is made incontestable; it is merely the validity of the policy as an obligation binding upon the company." The *Scarborough case* has been widely quoted by various courts in the country, notably *Hearin v. Standard Life Ins. Co.*, 8 Fed. 2d, 202; *Myers v. Liberty Life Ins. Co.*, 257 Pac., 933; *Fore v. N. Y. Life Ins. Co.*, 22 S. W., 2d, 401; *Metropolitan Life Insurance Co. v. Conway*, 169 N. E., 642; *Wright v. Philadelphia Life Ins. Co.*, 25 Fed. 2d., 514. The *Scarborough case* holds in effect that the incontestable clause has no application to a risk not assumed in the policy. This interpretation is amply supported by abundant authority. Thus in *Wright v. Philadelphia Life Ins. Co.*, 25 Fed., 2d, 514, the Court wrote: "The insurance company in this case is not denying in any way the validity of the contract, and therefore is not contesting the policy. Indeed, it stands upon the contract, affirms its validity, and says that, by the terms of the contract itself, the risk was not assumed." A clear and precise exposition of the legal proposition is written by *Cardozo, C. J.*, in *Metropolitan Life Ins. Co. v. Conway, supra*. The principle was thus expressed: "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. . . . Where there has been no assumption of risk there can be no liability."

That is to say, the application of the incontestable clause precludes an insurance company from questioning the validity of the contract in its inception, or that it thereafter became invalid by reason of a broken condition. Hence an ordinary incontestable clause cannot be used as a means of rewriting into the contract risks and hazards which the policy itself positively excluded. *Woodbury v. N. Y. Life Ins. Co.*, 221 N. Y. S., 357; *Sanders v. Jefferson Standard Life Ins. Co.*, 10 Fed., 2d, 143; *Scales v. Jefferson Standard*, 295 S. W., 58. A line up of the courts upon the question will appear in the annotation contained in 55 A. L. R., 549.

The plaintiff relies upon *Simpson v. Ins. Co.*, 115 N. C., 393, 20 S. E., 517; *Mareck v. Mutual Reserve*, 64 N. W., 68; *Northwestern Mutual Life Ins. Co. v. Johnson*, 254 U. S., 96, 65 Law Ed., 155. The *Mareck case* was referred to and distinguished in *Myers v. Liberty Ins. Co., supra*. The *Johnson case* was referred to and distinguished in *Metropolitan Life Ins. Co. v. Conway, supra*. The *Simpson case* contains implications which support the position taken by the plaintiff, but these

implications are squarely met in the *Scarborough case, supra.* Moreover, the incontestable clause in the *Simpson case* was broad and comprehensive and extended far beyond the boundary of the clause under consideration in the case at bar. The language was: "Said policy shall from this date be incontestable, and when the policy becomes a claim the amount of insurance shall be paid immediately upon approval of proof of death." The plain meaning of this language is that when the policy becomes a claim, the total amount of insurance specified therein shall be paid, and an examination of the opinion discloses that the decision was based upon the words "claim" and "amount of insurance." Hence we do not consider the *Simpson case* a controlling authority upon the precise question presented by this appeal.

Affirmed.