## MRS. NANNIE DRAPER PETTY v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA.

(Filed 13 October, 1937.)

**1. Insurance § 31b—Statements of fact in application are material as matter of law.**

A statement in an application for reinstatement of an insurance policy that applicant, in the year previous, had not had any injury, sickness, or ailment of any kind, and had not required the services of a physician, being a statement of fact within the knowledge of applicant, is a material representation as a matter of law. C. S., 6289.

**2. Insurance § 31a—C. S., 6460, does not apply to reinstatement without medical examination of policy issued after medical examination.**

The policy in suit was issued for less than $5,000 after medical examination of insured. After it had lapsed for nonpayment of premiums, it was reinstated on written application of insured without a medical examination. *Held:* Although the policy was reinstated without a medical examination, the original policy was issued after medical examination, and C. S., 6460, has no application, and insurer is not required to show fraud, but is entitled to cancellation of the policy upon a showing of material misrepresentations in the application for reinstatement.

**3. Insurance § 33—**

The reinstatement of a policy of insurance in accordance with its terms has the effect of continuing in force the original contract, and does not constitute a new contract.

**4. Same—**

Where a policy of insurance requires a written application as a condition precedent to reinstatement, a false statement therein, which is material as a matter of law, prevents the reinstatement issued in reliance on the application from being effective in law.

CLARKSON, SCHENCK, and DEVIN, JJ., dissent.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1937, of VANCE. An action to recover on policy of insurance.

This cause came to this Court on former appeal by defendant from judgment on the pleadings, and is reported in 210 N. C., 500. The pertinent allegations of the answer are there set forth. The judgment was reversed and the case was sent back for submission to the jury on issues raised.

The parties agree that on 21 December, 1932, the defendant issued to Ira Moody Petty, husband of the plaintiff, a certain policy of insurance for $2,000, in which the plaintiff is named as beneficiary; that the insured died 19 October, 1935; and that premiums had been paid up to and including the period in which the death of the insured occurred.

The defendant, however, pleads as a defense and offered evidence tending to show that the insured failed to pay the premium due on 21 June, 1935, or within thirty days thereafter, and that in accordance with the provisions of the policy same lapsed for nonpayment of premiums; that following the lapsing of the policy the insured applied to the defendant for reinstatement of said policy under the provisions thereof, with reference to reinstatement or restoration; that in connection with such request, and in accordance with the provisions of said policy, and for the purpose of procuring a reinstatement of said lapsed policy, the insured signed and delivered to the defendant a certificate of health, upon the basis of which, and relying thereon, the defendant, on 29 July, 1935, reinstated the policy and accepted from the insured annual premium payment; and that in the certificate of health the insured, in response to the question: "Are you now in good health?" answered: "Yes"; and in response to the question: "Have you during the past year had any injury, sickness, or ailment of any kind, or required the services of a physician or any other practitioner? (If so, give full particulars)," answered "No." The certificate contained, among other things, this further statement: "I hereby declare that the foregoing statements and certifications are made by me as a consideration for the acceptance by the company of the premiums now in default and for the reinstatement of the above numbered policy as of the due date of this premium, and are complete, true, and correct—and I understand that the company, believing the same to be such, will rely and act on them."

Defendant further alleged and offered evidence tending to show that the answer to the first question was untrue in that the insured was not at such time in good health, but, on the contrary, had an ulcer of the stomach and other ailments, of which condition the insured had previously been informed; that the answer to the second question was untrue in that the insured had consulted Dr. Ruffin at Duke Hospital in the month of October, 1934, eight months prior to the date of the health certificate; that the doctor had diagnosed his case as duodenal ulcer and had told the insured that he had such ulcer and gave him instructions as

to diet and prescriptions for the ulcer; that the insured was taken to Duke Hospital in September, 1935, just sixty days after the health certificate had been signed and policy reinstated, for treatment and operation for duodenal ulcer; that insured was there operated on for ulcer, and that he died following this operation. It is not controverted that the original policy was issued after medical examination, nor that the reinstatement was made without further medical examination.

The plaintiff tendered the following issue: "Did the insured, Ira M. Petty, procure the reinstatement of the policy upon his life by false and fraudulent statements, as alleged in the answer?" The court refused to submit the issue, and plaintiff excepted. Thereupon, the court submitted the following issues:

"1. Did the insured, Ira M. Petty, in the certificate of health signed by him in connection with his application for reinstatement of his policy under date of 26 July, 1935, represent that he was at the time of making such certificate in good health?

"2. If so, was such representation untrue?

"3. Did the said insured, in said certificate of health, represent that during the year previous thereto he had not had any injury, sickness, or ailment of any kind, or required the services of a physician or any other practitioner?

"4. If so, was such representation untrue?

"5. What amount, if any, is the plaintiff entitled to recover of the defendant?"

By consent, the court answered the first and third issues "Yes," and the jury answered the second "No," and the fourth "Yes."

From judgment on the verdict, the plaintiff appealed to the Supreme Court, and assigned error.

*J. P. & J. H. Zollicoffer for plaintiff, appellant.*
*J. M. Broughton and W. H. Yarborough for defendant, appellee.*

WINBORNE, J. The question is: Where an insurance policy for less than $5,000, issued after medical examination, has lapsed and has been reinstated upon false written representation of insured, and without medical examination, can the policy, as reinstated, be canceled without allegation and proof of fraud in the making of such representation? We think so.

All contracts of insurance on lives in this State shall be deemed to be made therein and subject to the laws of the State. C. S., 6287-6288. It is provided in C. S., 6289: "All statements or descriptions in any application for a policy of insurance, or in the policy, shall be deemed repre-

PETTY v. INSURANCE CO.

sentations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy."

In the instant case the decision turns upon the written answer to the second question in the certificate of health which the insured signed and delivered to the defendant for the purpose of procuring and as a condition precedent to a reinstatement of the lapsed policy in accordance with the provisions therein set forth. The jury has found that the answer is untrue. Under the fact situation, is it material, and if so, is it a bar to reinstatement of the policy?

It is settled law in North Carolina that answers to specific questions like the one asked in the instant case, where there had been medical examination, are material as a matter of law. *Bryant v. Ins. Co.,* 147 N. C., 181, 60 S. E., 983; *Alexander v. Ins. Co.,* 150 N. C., 536, 64 S. E., 432; *Schas v. Ins. Co.,* 166 N. C., 55, 81 S. E., 1014; *Hardy v. Ins. Co.,* 167 N. C., 22, 83 S. E., 5; *Ins. Co. v. Woolen Mills,* 172 N. C., 534, 90 S. E., 574; *Ins. Co. v. Box Co.,* 185 N. C., 543, 117 S. E., 785.

Speaking to the question in the case of *Ins. Co. v. Woolen Mills, supra, Mr. Justice Brown* writes: "The materiality of the representations is not open to dispute. It does not depend upon inferences drawn from facts and circumstances to be proved, in which event the question is one for the jury. A different rule prevails where the representations are in the form of written answers made to written questions. In such case the questions and answers are deemed to be material by the acts of the parties to the contract. *McEwen v. Life Ins. Co.,* 139 Pac., 242. It is not necessary that the misrepresentation should be intentional." Again, in the same case, at p. 539, it is said: "Nothing herein contravenes the well settled doctrine that where a question is asked which must be necessarily answered by *an opinion,* the mistake of the applicant in answering such question, made honestly and in good faith, will not avoid the policy. This is not so, however, where the questions asked relate to facts within the knowledge of the applicant and not within the knowledge of the company, and where the questions and answers are material. In such case the applicant must answer truthfully. The purpose of such questions is twofold: First, to elicit information, which the company regards important; second, to give the sources from which the company may obtain further information. The parties themselves have made these questions and answers material. Their materiality depends not only upon their own purport, but upon the fact that the contracting parties have agreed that the written application containing these questions and answers is the basis upon which the contract of insurance shall be made or refused."

In *Alexander v. Ins. Co., supra,* it is stated: "The company was imposed upon (whether fraudulently or not is immaterial) by such repre-

sentation, and induced to enter into the contract. In such cases, it has been said by the highest Court that 'assuming that both parties acted in good faith, justice would require that the contract be canceled and premiums returned.' *Ins. Co. v. Fletcher,* 117 U. S., 519."

In *Ins. Co. v. Box Co., supra,* it is stated: "The statute itself and the general principles applicable are to the effect that fraud is not always essential, and that the contract will be avoided if statements are made and accepted as inducements to the contract which are false and material."

However, it is contended by the plaintiff that, in view of the fact that the policy was reinstated without requiring a medical examination, "the policy shall not be rendered void nor shall the payment be resisted on account of any misrepresentation as to the physical condition of the applicant, except in cases of fraud." C. S., 6460. This section of the statute is inapplicable here for that same relates to the making of the contract on which policy is issued, and not to reinstatement of policy, without medical examination. In the instant case there was medical examination prior to the issuance of the policy. The reinstatement of the policy under the provisions thereof with reference thereto had the effect only of continuing in force the original contract of insurance. The authorities seem to support this view.

We find in 32 C. J., p. 1357, sec. 646, "A reinstatement of the policy, after default in the payment of the premiums, by performance of conditions specified in the policy continues in force the original policy and does not create a new one."

In *Mutual Life Ins. Co. v. Lovejoy,* 253 Ala., 452, 83 S. E., 591, it is said: "The reinstatement of the policy or contract of insurance did not have the effect of creating a new contract of insurance, dating from the time of the renewal. It had the effect only of continuing in force the original contract of insurance which would, under its terms, have terminated and become void if it had not been reinstated in the manner and within the time provided in the original contract."

In the case of *Clark v. Ins. Co.,* 146 N. E., 43, a Massachusetts case, speaking to the question of misrepresentation in application for reinstatement of policy after lapse because of failure to pay premium, the Court pertinently says: "In an application for reinstatement such as the one before us the parties are bound by the terms of the contract. They agreed that all the answers were material to the risk, and were true. If the insured consulted a physician, or was treated by one or had been prescribed for by a physician since the date of the policy and before the date of the application, . . . his answers were not true. . . . Having failed to comply with the conditions precedent mentioned in the application the policy was not revived, and the plaintiff

6—212

cannot recover," citing *Reidy v. John Hancock Mut. Life Ins. Co.,* 245 Mass., 373, 139 N. E., 538.

The right to reinstate was a part of the original contract. The representation in the certificate of health was required as a condition precedent to reinstatement. It was material as a matter of law. A truthful answer was required. The jury, upon competent evidence and under correct instruction, having found the representation untrue, the policy was not in law reinstated.

. In the trial we find

No error.

CLARKSON, SCHENCK, and DEVIN, JJ., dissent.