**GUYES v. NEW YORK LIFE INS. CO.**

No. 4376.

Circuit Court of Appeals, Fourth Circuit.

Oct. 20, 1938.

Frank P. Hobgood, of Greensboro, N. C. (Wm. B. Guthrie, of Durham, N. C., and Charles M. Ivey, Jr., of Greensboro, N. C., on the brief), for appellant.

C. R. Wharton and D. E. Hudgins, both of Greensboro, N. C. (Julius C. Smith and Smith, Wharton & Hudgins, all of Greensboro, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

## PER CURIAM.

This suit was brought by the Insurance Company to cancel a policy of life insurance on the ground that a reinstatement thereof by the company had been granted on the strength of false statements made by the insured concerning his health. The facts are set out in the opinion of the District Court (New York Life Ins. Co. v. Guyes, 22 F.Supp. 454) wherein it was held that on account of these misrepresentations, a decree of cancellation should be ordered.

It is contended in this appeal of the insured that the decree of the District Court should be set aside because of alleged error in admitting in evidence the application for reinstatement which contained the misrepresentations of the insured. It is not denied that the company was misled by the misrepresentations of the insured, but it is contended that the application for reinstatement should not have been received in evidence because it was not attached to the policy. We think that there is no merit in this contention for the reasons set out in the opinion of the District Judge; and to the authorities there cited may be added the recent decision of the Supreme Court of North Carolina in Petty v. Insurance Co., 212 N.C. 157, 193 S.E. 228, in which it was held that the reinstatement of a policy of insurance, in accordance with its terms, has the effect of continuing in force the original contract and does not constitute a new contract. There is, therefore, support for the conclusion of the District Judge that the application for reinstatement was not within the terms of the clause of the policy which provided that the policy and the application therefor should constitute the entire contract and that no statement should avoid the policy unless contained in the written application and unless a copy thereof is endorsed upon or attached to the policy. The same observation applies to the provision of Section 6458 of the North Carolina Code, referred to in the opinion, which provides, amongst other things, that no life insurance company doing business in North Carolina shall make any contract of insurance other than is plainly expressed in the policy issued thereon.

It is also contended on this appeal that the decree of cancellation should not have been granted because the company failed to make legal tender of all premiums which it had received, with interest at the legal rate. Prior to the institution of the suit, the company advised the insured that it had elected to cancel the reinstatement of the policy on account of the false misrepresentations and tendered its check in the sum of $224.17, expressly offering at the same time to do whatever else, if anything it should do, for the purpose of the rescission. In the original bill of complaint the company again tendered to the appellant the sum of $225 and deposited the same in the registry of the court and averred that it was at all times ready and willing to return all of the money paid on account of premiums under the policy in connection with the application for reinstatement, together with legal interest. After the case was heard by the District Judge and pending the entry of the final decree, it was discovered that by inadvertence a mistake had been made in the calculation of the interest on the principal amount of the refund at the rate of 5 per cent per annum instead of the North Carolina legal rate of 6 per cent per annum. The company then secured leave of court and paid into the registry of the court the correct amount of the refund with interest at 6 per cent per annum, and filed an amendment to the bill of complaint setting out the above facts. The statement of these facts sufficiently shows without discussion that the mistake originally made by the company in the amounts of its tender constituted no impediment to the rendition of the decree in the District Court.

Affirmed.