MARY McLAIN CHAVIS v. SOUTHERN LIFE INSURANCE COMPANY

No. 606PA85

(Filed 29 August 1986)

Insurance § 18— life insurance—misrepresentations by insurer—incontestability clause

A clause in a life insurance contract prohibiting the insurer, after a certain period of time, from contesting the policy for any reason other than nonpayment of premiums is not affected by the lapse and reinstatement of the policy; therefore, defendant could not contest the policy on the ground of material misrepresentations by the insured in the application for reinstatement where the contestable period had run while the original insurance contract was in effect.

Justice MEYER dissenting.

ON discretionary review of the decision of the Court of Appeals, 76 N.C. App. 481, 333 S.E. 2d 559 (1985), reversing summary judgment entered in favor of defendant by *Creech, J.*, on 11 May

1984 in WAKE County District Court and remanding for entry of summary judgment in favor of plaintiff.

*Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., by Nicholas J. Dombalis, II and William W. Merriman, III, for plaintiff-appellee.*

*Poyner, Geraghty, Hartsfield & Townsend, by David W. Long, Cecil W. Harrison, Jr., and Susanna K. Gilchrist, for defendant-appellant.*

EXUM, Justice.

The pivotal issue concerns the interpretation to be given to provisions of a life insurance contract. Specifically, the issue is whether a clause in the contract prohibiting the insurer, after a certain period of time, from contesting the policy for any reason other than nonpayment of premiums is affected by the lapse and reinstatement of the policy. We hold that it is not and affirm the Court of Appeals.

On 19 April 1975, the defendant issued a life insurance policy to plaintiff's husband, Leotha Jim Chavis, in the face amount of $17,000 with the plaintiff named beneficiary. Premiums were to be paid on a monthly basis. The contract of insurance contained the following pertinent provisions:

THE CONTRACT—This policy and the application therefor, a copy of which is attached hereto and made a part hereof, constitute the entire contract. All statements made by the Insured or in his behalf in the application in the absence of fraud shall be deemed representations and not warranties and no statement shall avoid any payment under this policy or be used in defense of any claim hereunder unless it is contained in one of these instruments.

. . . .

INCONTESTABILITY—After this policy shall have been in force during the lifetime of the Insured for two full years from the date hereof, it shall be incontestable except for non-payment of premium, and except as to the provisions, if any, granting total and permanent disability insurance, and the provisions, if any, granting additional insurance specifically against death by accidental means.

Chavis v. Southern Life Ins. Co.

. . . .

REINSTATEMENT—If this policy shall lapse in consequence of default in payment of any premium it may be reinstated at any time within five years upon evidence of insurability satisfactory to the Company and the payment of the defaulted premiums with interest . . . .

On 19 April 1980, the policy lapsed due to nonpayment of premium by the insured. Under the reinstatement provision the insured was entitled to have the lapsed policy reinstated at any time within five years of the default upon a showing of insurability satisfactory to the company and payment of the defaulted premiums with interest. On 25 June 1980, Mr. Chavis completed and returned an application for reinstatement of the policy. On the application for reinstatement Mr. Chavis answered several questions including the following:

Have you or any person to be insured by this policy had any sickness or injury or been attended by any physician within the past 5 years, or since the issuance of the policy, if later? No

To the best of your knowledge and belief are all persons to be insured in good health? YES

Mr. Chavis also signed a statement to the effect that all answers given by him on the application were true. The policy was subsequently reinstated upon the payment of the defaulted premiums and interest.

Mr. Chavis continued to make the monthly payments until 25 July 1981 when he died in a house fire. Plaintiff thereupon filed a claim for the proceeds of the policy. The company denied payments under the policy contending that certain statements made by Mr. Chavis in the application for reinstatement were fraudulent and material misrepresentations of fact. Specifically, the company asserted that the defendant had been untruthful when he stated on the application for reinstatement that he had not been ill or attended by a physician within the past five years and that he was in good health.

The plaintiff initiated this action seeking payment of the proceeds with interest plus attorney fees and court costs. The de-

fendant filed its answer alleging that the insured's misrepresentations rendered the reinstatement void and invalid. Both parties subsequently filed motions for summary judgment. The plaintiff's motion for summary judgment was denied 27 January 1984. The defendant's motion for summary judgment was granted 11 May 1984. The Court of Appeals vacated summary judgment in favor of the defendant and remanded the case for entry of summary judgment in favor of the plaintiff ruling that the incontestability clause in the policy foreclosed the defendant from asserting the insured's alleged misrepresentation in the application for reinstatement as a defense to payment of benefits under the policy.

It is well established that contracts for insurance are to be interpreted under the same rules of law as are applicable to other written contracts. *E.g., Motor Co. v. Insurance Co.*, 233 N.C. 251, 63 S.E. 2d 538 (1951); *Woodell v. Insurance Co.*, 214 N.C. 496, 199 S.E. 719 (1938); *Crowell v. Insurance Co.*, 169 N.C. 35, 85 S.E. 37 (1915). One of the most fundamental principles of contract interpretation is that ambiguities are to be construed against the party who prepared the writing. *E.g., O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978); *Contracting Co. v. Ports Authority*, 284 N.C. 732, 202 S.E. 2d 473 (1974); *Electric Co. v. Insurance Co.*, 229 N.C. 518, 50 S.E. 2d 295 (1948); *Hardy v. Ward*, 150 N.C. 385, 64 S.E. 171 (1909). Therefore, in an insurance contract all ambiguous terms and provisions are construed against the insurer. *E.g., Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978); *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970); *Jolley v. Insurance Co.*, 199 N.C. 269, 154 S.E. 400 (1930).

Consistent with these principles is the rule that a life insurance policy containing a provision that it shall be incontestable after a specified time cannot thereafter be contested by the insurer on any ground not excepted from the incontestability provision. *Trust Co. v. Insurance Co.*, 173 N.C. 558, 92 S.E. 706 (1917). The incontestability clause contained in the policy in question explicitly states that after the policy had been in force for two years it could not be contested by the company except for nonpayment of premium and except as to the provisions, if any, granting total and permanent disability insurance or granting additional insurance for accidental death. It is clear that none of these exclusions to noncontestability are relevant here. It is undisputed that the insured paid the monthly premiums from the

time of the policy's reinstatement until his death. Also, the insurer is not contesting the provisions of a disability insurance policy. Finally, the reinstatement of the lapsed policy did not constitute the purchase of "additional" life insurance. Reinstatement of a life insurance policy means that the policy is put back into force and effect. 1A J. Appleman & J. Appleman, *Insurance Law and Practice* § 320, at 356 (1981). Reinstatement of a lapsed policy does not result in the issuance of new or additional insurance. Since the incontestability provision does not expressly permit the company to contest the policy on grounds of material misrepresentations by the insured beyond the two-year limit, ordinary rules of contract construction would preclude the company from asserting this defense.

The defendant, however, contends that this Court should adopt the rule that when a lapsed insurance policy is reinstated, the contestability period contained in the original policy is renewed as to misrepresentations in the reinstatement application. We acknowledge that this appears to be the majority view. *See* 1A J. Appleman & J. Appleman, *Insurance Law and Practice* § 320, at 356-58 (1981) (and cases cited therein). However, some jurisdictions have adopted the view that if the contestable period has run the insurer may not assert any defense barred by the incontestability clause, whether such defense arose out of the original contract or out of the application for reinstatement. *See, e.g., Munn v. Robinson,* 92 F. Supp. 60 (W.D. Ark. 1950); *New York Life Insurance Co. v. Dandridge,* 202 Ark. 112, 149 S.W. 2d 45 (1941); *Burnham v. Bankers Life and Casualty Co.,* 24 Utah 2d 277, 470 P. 2d 261 (1970). These cases reason that the reinstatement creates no new contract, but merely revives the original contract to the same extent as if there had been no lapse. If the contestability period has run the company is precluded from asserting a nonreserved defense to the same extent as if no lapse had occurred.

We find this reasoning persuasive. Indeed, in *Petty v. Insurance Co.,* 212 N.C. 157, 161, 193 S.E. 228, 231 (1937), the Court said:

"The reinstatement of the policy or contract of insurance did not have the effect of creating a new contract of insurance, dating from the time of the renewal. It had the effect only of

continuing in force the original contract of insurance which
would, under its terms, have terminated and become void if it
had not been reinstated in the manner and within the time
provided in the original contract."

The defendant contends the holding in *Petty* compels a deci-
sion in its favor. In *Petty* a life insurance policy lapsed due to
nonpayment of premiums. The insured subsequently applied for
reinstatement of the policy. Under the policy the insured was re-
quired to sign a certificate of health in order to obtain reinstate-
ment of the policy. In the certificate of health the defendant was
required to answer whether he was in good health and whether
he had been sick or required the services of a physician during
the past year. He answered these questions "yes" and "no"
respectively. The company thereupon reinstated the policy. The
insured subsequently died and his beneficiary sought to collect
the proceeds. The insurance company refused payment alleging
that the insured made material misrepresentations concerning his
health in the certificate of health. The jury found that the
representation concerning whether he had been sick or required
the services of a physician during the past year was untrue and
returned a verdict in favor of the company. This Court affirmed,
holding that the representation in the certificate of health was re-
quired as a condition precedent to reinstatement and that a truth-
ful answer was required. Since the jury found the statement to
have been false, the Court ruled that the policy was not in law
reinstated. Defendant contends *Petty* is squarely on point and
controls the outcome of this case. We disagree.

In *Petty* the Court noted the "representation in the cer-
tificate of health was required as a condition precedent to rein-
statement." *Id.* at 162, 193 S.E. at 231. Here there is no such
requirement in the reinstatement provision. There were only two
conditions precedent to reinstatement of this policy should it
lapse: presentation of evidence of insurability satisfactory to the
company and payment of the defaulted premiums with interest. It
is undisputed that the latter condition precedent was fulfilled.
The former condition was also met. Evidence was presented to
the company concerning the defendant's health (i.e., insurability).
The company obviously found this evidence to be satisfactory
since it subsequently reinstated the lapsed policy. Since both con-
ditions precedent were met, the policy was reinstated in law.

*Petty* did not involve, or at least did not consider the effect of, a two-year incontestability clause. *Petty*, as we have noted, recognized that reinstatement of a policy of life insurance does "not have the effect of creating a new contract of insurance, dating from the time of the" reinstatement. *Id.* at 161, 193 S.E. at 231. Rather, it has "the effect only of continuing in force the original contract of insurance." *Id.* When, therefore, the instant policy was reinstated pursuant to the terms of the reinstatement clause, it is as if there had been no interruption in the policy's other provisions including the incontestability clause. The company, pursuant to this clause, may not now, after the lapse of two years, contest the policy on any grounds other than those excepted from the provisions of the incontestability clause.

For the reason given, the decision of the Court of Appeals is

Affirmed.

Justice MEYER dissenting.

I dissent.

By its holding today, the Court expressly declines to follow the rule adopted by the overwhelming majority of jurisdictions which hold that upon reinstatement of a life insurance policy, the contestability period contained in the original policy is renewed as to misrepresentations in the reinstatement application.

One commentator has restated the rule which the majority opinion declines to adopt:

> [T]he great weight of authority holds that upon reinstatement *the contestable period begins running anew.* Therefore, the company can contest the validity of the reinstatement for fraud or other reasons at any time within the new contestable period (same length of time as the original contestable period) which started running upon the day the policy was reinstated. As to fraud, the general rule is that reinstatement will be avoided if the insurer can prove the allegedly false representation of a material fact.

7 S. Williston, *A Treatise on the Law of Contracts* § 921 at 655 (3d ed. 1963) (emphasis in original) (footnotes omitted). *See also* 1A J. Appleman & J. Appleman, *Insurance Law and Practice* § 320 at

356 (1981); Annot. "Insurance: Incontestable Clause as Affected by Reinstatement of Policy," 23 A.L.R. 3d 743 (1969).

One of the leading authorities on insurance law has stated that the majority rule "seems . . . quite the best reasoned of the diverse results reached." 1A J. Appleman & J. Appleman, *Insurance Law and Practice* § 320 at 356 (1981). In approving the majority rule, commentators explain the application of an incontestability clause to a reinstated policy:

> In this policy, it is provided that in the event of lapse or forfeiture for nonpayment of premiums, the policy may be reinstated by complying with certain conditions. By reinstatement is meant that the policy is put back into force and effect; not that a new policy is issued containing different terms or provisions. It is only reasonable, reason these courts, that the old defenses which were barred by the running of the first incontestable clause remain barred—they are not automatically revived. But as to new representations made which may be false and fraudulent, the insurer is entitled to a reasonable time to investigate and to determine their truth.

1A J. Appleman & J. Appleman, *Insurance Law and Practice* § 320 at 356 (1981).

This view is supported not only by a majority of courts which have addressed the issue, but also by sound public policy. The rationale for the majority rule was set forth in *New York Life Ins. Co. v. Burris*, 174 Miss. 658, 165 So. 116 (1936):

> Any other view would open the door to the grossest deceit and fraud in securing the reinstatement of a policy that had become incontestable under its original provisions. The contrary view would permit the holder of a lapsed policy, wherein the original contestable period had expired, who was facing impending death from a known fatal malady, to secure reinstatement by false and fraudulent representations of his continued good health and insurability, and then rest securely behind the protection of the original incontestable clause.

*Id.* at 671-72, 165 So. at 120.

Ironically, in support of the position it adopts today, the majority opinion relies on cases decided under Arkansas and Utah

law no longer applicable in either state. In both jurisdictions, the legislature has long since recognized the wisdom of the view taken by a majority of jurisdictions which have addressed the question at issue in this case.

The Arkansas cases, *Munn v. Robinson*, 92 F. Supp. 60 (W.D. Ark. 1950) (diversity jurisdiction, Arkansas law applied), and *New York Life Ins. Co. v. Dandridge*, 202 Ark. 112, 149 S.W. 2d 45 (1941), would be decided differently under legislation enacted in 1959, some twenty-seven years ago. Current Arkansas law provides:

> The reinstatement of any policy of life insurance or annuity contract hereafter delivered or issued for delivery in this State *may be contested on account of fraud or misrepresentation of facts material to the reinstatement only for the same period following reinstatement* and with the same conditions and exceptions as the policy provides with respect to contestability after original issuance.

Ark. Stat. Ann. § 66-3324 (1980) (emphasis added).

Likewise, a different result would have obtained in *Burnham v. Bankers Life & Casualty Co.*, 24 Utah 2d 277, 470 P. 2d 261 (1970), cited in the majority opinion, if the insurance policy in that case had been written subsequent to the 1963 legislation, enacted some twenty-three years ago, which provided in pertinent part:

> (1) A reinstated policy of life insurance or annuity contract may be contested on account of fraud or misrepresentation of facts material to the reinstatement only for the same period following reinstatement and with the same conditions and exceptions as the policy provides with respect to contestability after original issuance.

1963 Utah Laws ch. 45, p. 236.[1]

---

1. The Utah law currently in force provides in pertinent part:

"A reinstated life insurance policy or annuity contract may be contested for two years following reinstatement on the same basis as at original issuance, but only as to matters arising in connection with the reinstatement. Any grounds for contest available at original issuance continue to be available for contest until the policy has been in force for a total of two years during the lifetime of the insured."

Utah Code Ann. § 31A-22-403(3) (1986).

The majority opinion seeks to distinguish, but in effect overrules, *Petty v. Insurance Co.*, 212 N.C. 157, 193 S.E. 228 (1937). In *Petty*, the Court ruled that the "representation in the certificate of health was required as a condition precedent to reinstatement." *Id.* at 162, 193 S.E. at 231. The certificate of good health was "material as a matter of law," and thus a truthful answer was required in the certificate. Because the statements in the health certificate were false, the company was allowed to deny that coverage had been reinstated.

The majority acknowledges that "presentation of evidence of insurability satisfactory to the company" was a condition precedent to reinstatement of Mr. Chavis' life insurance policy. The majority reasons that because "[e]vidence was presented to the company concerning the defendant's health" and because Southern thereafter reinstated the lapsed policy, the company "obviously" found satisfactory Chavis' evidence of good health.

If the reasoning of the majority opinion were applied to the facts in the *Petty* case, no doubt the outcome would have been different; the insurer would have been estopped to deny coverage inasmuch as the company had *obviously* found the insured's representations to be satisfactory, because it "reinstated the policy and accepted from the insured annual premium payment." *Petty*, 212 N.C. at 158, 193 S.E. at 229.

I trust that by implicitly overruling *Petty*, the majority opinion will stir the legislative branch to enact legislation which will restore wisdom and fairness in the application of insurance incontestability provisions to reinstatement of lapsed policies.