MORGAN *et al. v.* BETTERTON & CO.

(*Knoxville.* September Term, 1902.)

1. **SUMMARY PROCEEDINGS. Must be strictly construed.**

The proceedings before a justice of the peace, under which judgments *by motion* are rendered, are summary and must be strictly construed.° (*Post, p.* 89.)

Cases cited and approved: Erkman *v.* Carnes, 101 Tenn., 136; Wingfield *v.* Crosby, 5 Cold., 241.

2. **SAME. OFFICIAL BOND. Jurisdiction of justice of the peace to render judgment.**

In the absence of notice, a justice of the peace has no jurisdiction to render judgment by motion against the sureties upon the official bond of a constable, without the production in evidence, in support of the motion, of a copy of the official bond certified by the clerk of the county court under the seal of the court. Such bond when recorded becomes a judicial record and a copy thereof when used in evidence must be certified as required by the statute. (*Post, pp.* 88-89.)

Code construed: Sections 5982, 476 (S.); 4976, 442 (M. & V.); 4171, 385 (T. & S.)

3. **SAME. Jurisdiction of justice of peace essential to give circuit court jurisdiction on appeal.**

Upon an appeal from such judgment of the justice of the peace to the circuit court, that court acquires no jurisdiction to render judgment against the sureties on the official bond, either by the appeal or by the production of a properly certified copy of the bond in that court. (*Post, p.* 89.)

4. **SAME. Evidence of insufficient return will not support motion for nonreturn of execution.**

When the motion is for a *non*return of an execution only and contains no averment whatever with respect to an insufficient

Morgan v. Betterton.

return, it is error for the trial judge to instruct the jury that they could render judgment for an insufficient return, and to state to them that the motion covered this latter ground. (*Post, pp.* 89-90.)

Cases cited and approved:    Watkins *v.* Barnes, 1 Sneed, 202.

5.  **COURTS.    Appellate jurisdiction, doctrine of, reaffirmed.**

It is axiomatic that the appellate jurisdiction of a court in any given case is dependent upon the existence of jurisdiction, either original or appellate, in the court from which the appeal comes.    (*Post, p.* 89.)

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County.    FLOYD ESTILL, Judge.

MURRAY, MURRAY & PEAKE and T. W. BATCHELOR, for I. C. Morgan.

J. A. CALDWELL, for Betterton *et al.*

MR. JUSTICE NEIL delivered the opinion of the Court.

This suit was begun by motion before a justice of the peace of Hamilton county against the plaintiff in error, I. C. Morgan, and his sureties on his official bond as constable; notice not being served on the sureties, but on Morgan alone.

The paper presented before the justice of the peace as the basis of the motion, purporting to be a copy of the bond, had upon it only the following certificate:

"The foregoing is a correct copy of bond and oath of
I. C. Morgan, constable," etc.   "This 3d day of January, 1900.   E. J. Dillard, deputy clerk."

The motion, as made before the justice of the peace,
was for the nonreturn of an execution specified therein.   The justice of the peace rendered judgment
against Morgan and his sureties on the motion, and
the cause was thereupon appealed to the circuit court.

In that court Betterton & Co. offered the
same paper, purporting to be a copy of the
bond, that had been offered before the justice
of the peace, and it was objected to, because
not properly certified.   The objection was sustained,
but his honor, the circuit judge, allowed Betterton
& Co. to have placed upon the paper a fuller certificate showing that the paper was "a full, true and perfect copy of the bond" of the said constable as the
same appeared of record in his office, etc.; the certificate being signed by the clerk of the county court,
and having attached thereto the seal of the court.
The paper was then again offered in evidence, but
was objected to on the ground that, inasmuch as the
certificate was fatally defective when the paper purporting to be a copy of the bond was offered in evidence before the justice of the peace, and no notice
of the proceeding having been served on the sureties,
the justice of the peace acquired no jurisdiction of
them, and, if he had no jurisdiction, the circuit court
could not acquire jurisdiction by appeal, and that,

Morgan v. Betterton.

if jurisdiction had not been acquired by the appeal, it could not be conferred by placing a new certificate upon the bond after the cause had reached the circuit court. This objection was overruled by the circuit judge, and his action in this regard is assigned as error.

Error is also assigned upon the charge which his honor delivered to the jury. The portion of the charge objected to was as follows: After charging correctly upon the subject of the nonreturn of an execution, he proceeded: "As before stated, the motion is predicated upon the idea, also, that the return is insufficient. The mere indorsement upon the execution that he had collected twenty-five dollars, and dating it, without any other explanation of his action, would not be a complete and sufficient return within the meaning of the statute, and, if that is the proof in the case, your verdict should be for the plaintiff."

His honor stated the substance of the return correctly, but he did not correctly state the motion. That was for nonreturn of the execution only. It contained no averment whatever with respect to an insufficient return.

It is also insisted by the plaintiff in error that there was no evidence of a nonreturn, and error is assigned upon this matter.

As to the first error: The paper which was offered purported on its face to be a record of Hamilton

county—a bond executed by Morgan as one of the constables of that county; to have been marked filed in the office of the county court clerk on the 4th day of January, 1899, by "J. N. McCutchen, clerk," and had indorsed thereon what purported to be the official oath of Morgan, with the following jurat attached thereto: "Sworn to and subscribed in open court, this 4th day of January, 1899. E. J. Dillard, D. Clerk."

In view of these facts, and of the rule that the court is presumed to know the officers of the several counties of the State, it is insisted by defendant in error that the paper was *prima facie* admissible, under the authority of *Stinson's Lessee* v. *Russell*, 2 Overt., 40-42. On the other hand, it is insisted by the plaintiff in error that the rule established in this case as to informal certificate has been superseded by the Code, and that the latter requires that the certificate shall be under the seal of the court.

Such is the requirement of section 5579 of Shannon's Code. This section is in a chapter entitled "Documentary Evidence," and itself applies in terms to "judicial records." We think the term "judicial records," as used in this section, is sufficiently broad to cover the bond of a constable, which is required to be recorded in the county court. Shannon's Code, section 476. The Code provision is later than the case above referred to, and others cited by counsel

Morgan v. Betterton.

for defendant in error, and supersedes these cases as to the proper form of certificate.

It follows that there was, in truth, no certified copy of the constable's bond produced before the justice of the peace under the facts above stated.

From this it follows that the justice of the peace never acquired jurisdiction of the sureties, because, no notice having been served on them, it was essential to his jurisdiction over them that the plaintiff should have produced to him a certified copy of the bond. Shannon's Code, section 5982. The section referred to does not use the term "jurisdiction," but that is necessarily its meaning, because the rendering of judgment is the first act to be done by the justice of the peace in such a case, and, if he have no power to do this without the certified copy of the bond, he has no power over them at all. The proceedings under which judgments by motion are rendered are summary, and must be strictly construed. *Erkman* v. *Carnes,* 101 Tenn., 136 (45 S. W., 1067) ; *Wingfield* v. *Crosby,* 5 Cold., 241. The justice of the peace having been without jurisdiction as to the sureties, the circuit court could acquire none as to them by appeal. Nor could it acquire jurisdiction of them by the introduction of a properly certified copy of the bond in that court; and this because its jurisdiction of the cause was only appellate, and not original. It is axiomatic that the appellate jurisdiction of a court in any given case is dependent upon the existence of

jurisdiction, either original or appellate, in the court from which the appeal comes.

It follows that the first assignment of error must be sustained.

The second assignment of error must also be sustained. His honor, the circuit judge, committed error in instructing the jury that they could render judgment as for an insufficient return, and in stating to them that the motion covered this ground, when in fact it covered only the ground of nonreturn. *Watkins* v. *Barnes,* 1 Sneed, 202.

The third error assigned is not well taken, there being some evidence to sustain the averment of nonreturn of the execution; but this does not alter the result.

Let a judgment be entered reversing the judgment of the court below, and remanding the cause for a new trial as to Morgan, but dismissing it as to the sureties. The defendant in error will pay all the costs of this court.