UNITED STATES CASUALTY CO. OF NEW YORK *v.* MALONE.

[87 South. 896, No. 21725.]

INSURANCE. *Where policy provides against injury through external, violent, and accidental means, plaintiff must prove that injury was so caused.*

Where an insurance policy provides that the insurance is against "injury effected solely through external, violent, and accidental means," the plaintiff or complainant must prove to a reasonable certainty that the death or injury was so caused. It is not sufficient to prove a declaration made by the deceased to his physician that his injury was so caused. There must be affirmative proof as to how the injury occurred, and the proof must show it was accidental and caused through accidental means.

APPEAL from chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.

Action by Mrs. Effie D. Malone against the United States Casualty Company of New York. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*Reed, Brandon* and *Bowman,* for appellant.

Counsel for appellee insists that the testimony of Dr. W. W. Smithson was admissible and they quote several passages from Vol. 22, of Corpus Juris, in which they un-

dertake to show that the statements to a physician are competent, but the law cited by them does not cover such narrative statements as were made to Dr. Smithson by Malone, but refer to outcries or other outward evidence of said suffering, etc.; had counsel looked a little more carefully he would have found the following statement in the volume from which he quoted:

"Statements of a narrative nature as to the cause, attendant circumstances, or effect of the sickness, or injuries, or the manner in which, or the time at which, an injury was inflicted. Or the nature or former symptoms, or past suffering of the person, or in general, as to bodily condition at another time are incompetent; especially, in case of injury, where at the time of the statement the patient has been removed from the scene of the accident. Even statements to a physician, which are of a purely narrative nature, are excluded. We therefore submit that a narrative statement of Mr. Malone to Dr. Smithson in which he told him that he thought he had rubbed his toe with a bath towel, was clearly inadmissible and incompetent. This statement of Malone's, as meagre and indefinite as it may be, is absolutely the only evidence upon which appellee can base a claim under this policy.

In referring to the numerous cases cited by us in our original brief wherein we showed that recovery could not be had when the loss resulted wholly or in part, directly or indirectly from disease, counsel for appellee make this statement on page 35 of their brief:

"Examination of these cases discloses the fact that a somewhat different contract was involved and we think the distinction between the provisions of the contract is controlling. There the contracts contained an additional provision that the insurance did not cover any death which resulted wholly or in part, directly or indirectly from disease or bodily infirmity."

We are at a loss to understand how counsel for appellee can claim that this very clause is not contained in the

policy now in question, as provision D. on the last page of said policy reads in part as follows:

"This policy does not extend to nor cover loss or injury resulting from or contributed to directly or indirectly, wholly or partly by disease."

We therefore submit that the cases relied upon in our original brief were directly in point and that the policy here sued on comes exactly within the line of these decisions.

We further submit that the numerous decisions cited and relied upon by counsel for appellee are not in point but refer to cases very much different from the one at issue. Most of the cases cited by them deal with a situation where the plaintiff was killed or injured through accidental means but was at the time frail in body or suffering from some sickness or disease; or with cases in which the plaintiff suffered some illness following an accident.

For example a man might be in the last stages of diabetes and be run over by an automobile and killed as a result thereof in which case there would certainly be liability under an accident policy. He might even have diabetic gangrene upon his toes and disease be so far advanced as to produce death within a few days and if he was run over and killed by an automobile there could certainly be a recovery; but if he was suffering from diabetic gangrene and sustained a broken arm through an accidental bodily injury there would be no recovery if the insured died of diabetic gangrene and not as a result of a broken arm. We do not contend that the insured cannot recover under an accident policy if he is suffering from some disease. He might be suffering from every disease that flesh is heir to and yet a recovery could be had if the insured came to his death by an accident independent of the disease; but we do contend that if disease contributed directly or indirectly, in whole or in part to the loss, then there can be no recovery . . . Or a man might sustain an accidental injury and as a result thereof con-

tract pneumonia and die therefrom in which case there could certainly be a recovery under the policy. An examination will show that most of the cases relied upon by counsel for appellee deal with situations similar to the above or with other conditions just as foreign to the issues here involved. We concede that the Myer's case decided by an Arkansas court is rather in line with the contention of counsel for appellee but as is shown by Mr. Cornelius and discussed in our original brief, the Arkansas court seems to have misinterpreted the holdings of other courts which is relied upon and that its decision was not sound in principle and is not followed or supported by other courts of the land.

The policy means just what it says and its terms are clear and unambiguous. The facts are undisputed that disease played a very important part in the death of Mr. Malone and from our viewpoint was the sole and only cause of his death, and we again urge that the decree of the lower court should be reversed and the case dismissed.

*Engle & Laub,* for appellees.

The conclusion of an external, violent and accidental means as bringing about the injury to Malone is readily supported by the testimony in the record even where we leave out the competent testimony of Dr. W. W. Smithson. See the testimony, Dr. Jno. F. Chamberlain, R. 86.

Numerous cases with much less proof than this case have been upheld and undisputed by the supreme courts of the various states as affording sufficient evidence on which to base a finding that the event causing the injury was violent, external and accidental. *Robinson* v. *Masonic Protective Asso.,* 87 Vermont, 138, 47 L. R. A. (N. S.), 924. An examination of the cases cited by us in our original brief bear out our contention and upholds our position in every regard. As has been previously stated in full fairness to this court there is, as we see it, but one point in this case for this court. In 14 R. C. L. at top of

page 1247, which states the rule to be that: "It has sometimes been held that where an accident policy excepts death by disease if the insured was suffering from it at the time of an injury aggravating the disease and causing death, there can be no recovery, but if the insured was not suffering from the disease though more susceptible to it because of a previous attack and an accidental injury caused the disease which resulted in death, the insurer is liable. Some courts, however, have adopted the proximate cause rule in determining whether death resulted directly and solely from accident. As to the argument of counsel that narrative statements to the physician are to be rejected where they relate to facts not connected with diagnosis and treatment such as the cause of an illness or injury, the circumstances under which an injury was received, wherein they quote the above to be the law from section 270, Vol. 22, C. J. We would respectfully call the attention of the court to this fact. The statement to the physician, W. W. Smithson, in this case was connected with diagnosis and treatment and it was absolutely essential that this information be given him that he might properly treat the abrasion or wound upon the toe. U. S. Fidelity Hood (Miss.) section 21478.

The treatment of a wound or sore is absolutely controlled by the nature of the sore and it therefore becomes the absolute duty of a physician to know the history of a sore in order to treat it. External applications most certainly cannot cure or materially aid sores or abrasions caused by internal disorders. In such cases the sores or abrasions are but visible external signs of something wrong within the body and abrasions or sores caused by external blows or rubbings cannot be reached by internal medicines but must be reached by external applications.

Dr. Smithson was simply pursuing enlightened medical methods when he had the history of the wound detailed to him by his patient Malone.

When all is said and done in reference to this case the fact remains that the medical testimony is positive on this

proposition :   (1) That there is no indication that Stephen N. Malone would have died had he not received the abrasion and infection which he did receive while in Memphis. (2) That the abrasion shortened his life.   (3) That the abrasion was the proximate cause of his death.

Bearing these facts in mind we must earnestly submit that in this case the widow is entitled to collect on the insurance policy and to receive the benefits which her husband had laid up for her during his many years of membership of the appellant organization, and we further submit that there was no material error in the trial of this case below and that the - learned chancellor reached a proper conclusion when he decreed that these companies who had for many years collected premiums from the deceased should now in turn make good upon their policy.

In conclusion, the court should bear in mind that the relationship existing between Malone and the insurance company was a contractional one.   That the companies undertook the risk and for many years received the benefits of the premiums.   That this is not a case of an accident inflicted upon a person by a running railroad train or an automobile in the street, but it is a case where the appellant specifically undertook to protect the deceased in event of injury and viewing these facts as they are, this court must apply a more liberal view to its construction of the liability than it would were there no contractional relationship which had been entered into by the insurance company as a free agent.

Respectfully submitted.

SAM C. COOK, P. J., delivered the opinion of the court.

The appellee brought suit against the appellant on an accident insurance policy in which it was provided that the insurance is "against loss resulting directly and independently of any and all other causes from bodily injury effected solely through external, violent, and accidental means," and which policy provided for various bene-

fits, including a death benefit of seven thousand, five hundred dollars. The suit was for the death of the deceased, Stephen Nelson Malone. His death was caused, according to the death certificate, by "diabetic gangrene, moist type, left foot, contributory diabetes melitis."

It is contended by the appellee that the proximate cause of the death was an accident resulting in an abrasion of the skin on the toe of his left foot which became infected thereafter and approximately caused the death of the deceased. There was a judgment in the court below for the plaintiff for said amount with interest thereon, from which judgment this appeal is prosecuted.

We have carefully examined the evidence in the record, and we think the proof is insufficient to show that the injury was caused by an accident or through accidental means. The only testimony to establish the alleged accident is the statement by the deceased to his physician, who first treated the abrasion, that he thought the abrasion was caused by his rubbing his toe with a towel. The physician had no knowledge of his own as to what caused the abrasion. When he was called to treat the abrasion, he found the toe slightly infected. While the statement of the deceased to his physician is admissible in evidence for the purpose of showing the basis of an opinion by the physician, and his opinion as to the injury and the extent of the injury, it is not sufficient to prove the main fact of the accident. As to this, it is a mere self-serving statement. It has no probative value as to such fact. It further appears from his statement to his physician that, if the injury was caused by rubbing, the rubbing was voluntarily done, and this would not constitute an injury through accidental means. The proof is wholly insufficient to establish liability.

The judgment of the court below is reversed, and judgment here for appellant.

*Reversed.*