DANIEL J. WOODELL, PLAINTIFF, v. ÆTNA LIFE INSURANCE COMPANY, DEFENDANT.

(Filed 30 November, 1938.)

1. **Insurance § 13—Rules for construction of insurance contracts in general.**

A policy of insurance will be construed with regard to the main purposes of the contract to guarantee to the insurer the payment of premiums and to secure it against fraud and imposition, and to give insured the protection and benefits for which he pays, and separate clauses will be harmonized with these purposes if possible by any reasonable construction, and literal construction of procedural requirements will not be given when such construction would defeat a primary purpose of the contract and compliance therewith is made impossible through no fault of a party to the contract by a circumstance later transpiring which could not have been contemplated by the parties at the time the contract was executed.

2. **Insurance § 34b—Mental incapacity to give notice required excuses failure to give notice of disability.**

The policy in suit provided for waiver of premiums and payment of benefits if insured should become totally and permanently disabled. Premiums on the policy were paid subsequent to insured's total disability, and after notice duly given some years after the inception of disability, insurer began paying disability benefits. Insured instituted this action to recover disability benefits accruing from the inception of the disability, and alleged that insured's disability affected his mind so that he was mentally incapable of giving notice thereof, and that notice was given as soon as possible. *Held:* The complaint states a cause of action not-

withstanding a provision of the policy that payment of disability benefits should begin "six months after proof is received," since a literal construction of the procedural requirement would defeat a primary purpose of the contract to provide benefits upon disability and the failure to comply with the provision was due to no fault of insured, but to a circumstance which could not have been in contemplation of the parties at the time the contract was executed.

APPEAL by defendant from *Harris, J.,* at February Term, 1938, of HARNETT.　Affirmed.

The plaintiff held a policy of insurance with defendant company, in which it was provided: "Six months after proof is received at the Home Office of the Company, before the sum insured or any installment thereof becomes payable, that the insured has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, or has met with the irrevocable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet, or of such loss of one hand and one foot, all from causes originating after the delivery of this policy, the Company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and if such disability was sustained as above described and before the insured attained the age of sixty years, the Company will pay to the life beneficiary the sum of ten dollars for each thousand dollars of the sum herein described as the sum insured, and will pay the same sum on the same day of every month thereafter during the lifetime and during such disability of the insured.

"Said waiver of premiums and said monthly payments will not affect any other obligations of the Company as herein provided and the sum insured will be due and payable at death or maturity for the same amount and in the same way as if the premiums had been paid in cash.

"The foregoing benefits for disability are conditioned upon the Medical Examiner of the Company being permitted to examine the insured before the acceptance of proof.

"The consideration for the disability provision above described is an additional premium of 89/100ths Dollars, which consideration is included in the premium named in this policy, but will be reduced to ........ and 100ths Dollars after the insured attains the age of sixty years.

"(Note: Upon surrender of this policy at the end of the endowment term after disability payments commence, the Company will issue a supplementary contract providing for the continuance of the required disability payments during the lifetime and during the disability of the insured.)"

The complaint alleges: "7. That the disabled condition of the plaintiff, as he is informed and believes, and therefore alleges, was due to and caused by paralysis agitans, cordio-reno vascular disease and advanced arterio-sclerosis, and as a result of said disease the plaintiff's arteries in the brain became hard and ruptured, thereby causing a general wasting away of the muscles, and pain in head, extreme weakness, loss of speech, loss of use of hands and feet, and continuous tremor of all muscles, all of which occurred in the summer of 1933, about the last of the month of June of said year, and that because of the said diseased and disabled physical condition and suffering, the mental condition of plaintiff was impaired until 15 December, 1936, so that plaintiff was physically and mentally incapable of furnishing or causing to be furnished proof of his disability to defendant."

It is further alleged in the complaint: "That on 15 December, 1936, and again on 3 February, 1937, when furnishing further proofs of his disability as requested by defendant, the plaintiff caused to be furnished to the defendant full, complete and sufficient information to the effect that the physical and mental disability of the plaintiff had rendered it impossible for him to furnish or cause to be furnished proof of his said disability during the latter part of June, 1933, or at any other time prior to 15 December, 1936, and that notwithstanding that the defendant was in possession of such information and medical facts and had its own investigator to observe the plaintiff, it elected to disregard the disability of plaintiff prior to 15 December, 1936, and plaintiff's consequent helplessness and inability to furnish or cause to be furnished proof of his said disability . . ." etc.

It is further alleged that defendant honored the proof of disability as of 15 December, 1936, but declined to recognize it or pay the monthly installments to which the plaintiff was due under the terms of his policy accruing at any time prior to the six months following 15 December, 1936. Plaintiff alleges that by reason of the facts of his complaint, there were due him from the defendant monthly income benefits at $10.20 each, beginning as of 1 January, 1934, to and including 15 May, 1937, and demands payment thereof.

The defendant demurred for that the complaint did not state a cause of action and appealed from the judgment overruling such demurrer.

*Dupree & Strickland for plaintiff, appellee.*
*Murray Allen for defendant, appellant.*

SEAWELL, J. While giving due consideration to the able argument of counsel for the defendant to the contrary, we are of the opinion that

this case is controlled by the principles laid down in *Nelson v. Ins. Co.,* 199 N. C., 443, 154 S. E., 752; *Rhyne v. Ins. Co.,* 196 N. C., 717, 147 S. E., 6; *ibid.,* 199 N. C., 419, 154 S. E., 749; and *Rand v. Ins. Co.,* 206 N. C., 760, 174 S. E., 749.

In the *Nelson case, supra,* the clause relating to the furnishing of proof and payment of benefits read as follows: "If . . . the insured shall furnish to the company due proof of an irrevocable loss . . . the company, by endorsement in writing on this contract, will agree to pay . . . (b) commencing immediately from the acceptance by the company of the original proofs of disability . . . a monthly income during the lifetime of the insured," etc. The intervening omitted portions of the clause are not pertinent to the comparison we are here making.

In the statement of fact in the *Rand case, supra,* we find that the company agreed that "if due proof shall be furnished the company," etc., the company would "(1) waive the payment of annual premiums which may fall due under the said policy and under this contract during the continuance of such disability, commencing with the premium due on the anniversary of the policy next succeeding the date of receipt of such due proof. (2) To pay to the insured a monthly income of one per centum of the face amount of the policy during the continuance of such disability, the first income payment to become due on the first day of the calendar month following the date of receipt of such proof." In the case at bar, it is stated that the payment of monthly income benefits shall begin "six months after proof is received."

No distinction we are able to make between the phraseology employed in the case at bar and that employed in the cited cases leads us to the conclusion that any substantial rights of the parties might be made to rest on such distinction, or that a different rule of construction might apply other than that so repeatedly announced by this Court.

In construing contracts of insurance the Court will be inclined to construe its separate parts with a view to its equitable enforcement and the protection of both parties to the contract. Care will be taken to give the various clauses of the policy an interpretation consistent with the main purpose of the contract, which is to guarantee to the Company the payment of its premiums, which are its life, and to secure it against fraud and imposition, and to give the insured that security and those returns for which he pays. A harsh and literal construction of procedural requirements, the effect of which would be to impose impossible conditions upon the insured or to deprive him of the substantial benefits to which he is entitled by reason of the premiums paid, will not be adopted where a different construction might reasonably be applied more consonant with the declared purposes of the contract.

In *Rhyne v. Ins. Co.,* 196 N. C., 717, 719, *Chief Justice Stacy* for the Court, said: "But we are content to place our decision on the broad ground that, notwithstanding the literal meaning of the words used, unless clearly negatived, a stipulation in an insurance policy requiring notice, should be read with an exception reasonably saving the rights of the assured from forfeiture when, due to no fault of his own, he is totally incapacitated from acting in the matter. That which cannot fairly be said to have been in the minds of the parties, at the time of the making of the contract, should be held as excluded from its terms. *Comstock v. Fraternal Accident Association,* 116 Wis., 382, 93 N. W., 22. The primary purpose of all insurance is to insure, or to provide for indemnity, and it should be remembered that, if the letter killeth, the spirit giveth life. *Allgood v. Ins. Co.,* 186 N. C., 415, 119 S. E., 561; *Grabbs v. Ins. Co.,* 125 N. C., 389, 34 S. E., 503."

It is difficult to add anything to this statement which would more clearly set forth the legal principles involved in the case at bar, or better express the policy of this Court in the construction of insurance contracts.

In the light of these decisions, we do not feel compelled to put a construction upon the phrases employed in the policy under consideration which would enable the Insurance Company to profit by the continued receipt of premiums and by the retention of the amounts which it should pay upon losses, by reason of the impossibility of performance on the part of the insured of some stipulation which has no reasonable connection with the merits of his claim.

The clause in the policy under consideration providing that the monthly benefit shall begin six months after proof is received was probably phrased to give the Company a reasonable opportunity to investigate the merits of the claim, and to provide a period of trial during which the permanence of the disability might be tested by experience. At any rate, it cannot be accepted as within the minds of the contracting parties that the plaintiff should forfeit his right to monthly income when, through no fault of his own, it became an impossibility for him to give the notice. *Rand v. Ins. Co., supra.*

In our opinion, the complaint states a cause of action, and the judgment overruling the demurrer is

Affirmed.