UNITED STATES FIDELITY & GUARANTY CO. *v.* WILSON.

(Division A. Jan. 23, 1939. Suggestion of Error Overruled April 3, 1939.)

[185 So. 802. No. 33531.]

824

Bozeman, Cameron & Bozeman, of Meridian, for appellant.

**Wilbourn, Miller & Wilbourn,** of Meridian, for appellee.

Argued orally by **Ben F. Cameron**, for appellant, and by **R. E. Wilbourn**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

From January, 1921 to March, 1931, Edward D. Jones was an employe of the Meridian Grain & Elevator Company, appellee's assignor. On September 4, 1935, Jones instituted an action at law against his former employer, alleging that the employer had failed to furnish him a reasonably safe place to work throughout the years aforesaid, in that the plant in which he had been required to work was constructed, maintained, and operated in such manner that the employe was constantly subjected to the dust and dust-laden air given off from the feed products which were during said time handled in the elevator plant, with the result that the employe had become so

afflicted with chronic bronchitis, and finally with tuberculosis, that he had had to cease work altogether. Further of the facts will be found in the report of that case, Meridian Grain & Elevator Co. v. Jones, 176 Miss. 764, 169 So. 771.

In some jurisdictions it would be held that the bodily injury of which Jones complained was one which was accidentally suffered. In this State, however, we are committed to the rule that when one is injured while performing an act which he intended to do,—proceeding throughout the entire course of its performance in the manner intended and without any unpremeditated deflection therefrom,—the fact that the ultimate injurious result was unexpected does not make out a case of an injury accidentally suffered. United States Cas. Co. v. Malone, 126 Miss. 73, 87 So. 896; Metropolitan Life Ins. Co. v. Williams, 180 Miss. 894, 910, 178 So. 477. Compare North American Accident Ins. Co. v. Henderson, 180 Miss. 395, 403, 177 So. 528.

The elevator company held an employer's liability policy with appellant. This policy throughout, and in all its numerous provisions, limited its coverage to insurance against liability for bodily injuries accidentally suffered. The allegations of the declaration filed by Jones did not bring his case within the class of injuries covered by appellant's policy.

When Jones brought his action, the elevator company notified appellant thereof and demanded that appellant defend. Appellant declined to do so, and the elevator company conducted the defense at its own expense, the defense having been successful, as the cited report of the case will disclose. The present action is by appellee, as assignee of the elevator company, to recover of appellant the expenses of that defense.

The provision in the policy upon which appellee relies is as follows: "To defend in the name and on behalf of the assured, any suit brought against the assured to enforce a claim, whether groundless or not, for damages

on account of bodily injuries, including death at any time, resulting therefrom, accidentally suffered or alleged to have been suffered by any employe or employes of the assured."

The contention of appellee is that appellant was obligated to defend any suit by an employe for bodily injuries, regardless of whether the injuries were accidentally suffered or not. This argument is bottomed upon the fact that the word "accidentally" is not inserted immediately preceding the word "suffered" where the latter word last occurs in the quoted stipulation. The argument is that the provisions of insurance policies are to be construed strongest against the insurer—a proposition to which this Court is firmly committed by numerous decisions.

Nevertheless, such a construction against the insurer must be a reasonable construction, not a strained or unjust interpretation of the contract. Is it a reasonable or just construction that although the insurer had engaged to indemnify against damages on account of injuries accidentally suffered and for none other, nevertheless it had agreed to defend all suits for bodily injuries whether by accident or not? Since the insurer is interested only in damages accidentally suffered, why should it be said to be interested in the defense of cases wherein there is no allegation of accidental injury? If the insurer is to be so held, should it not be by something more than the device of what at best would be but a doubtful interpretation? We are of the opinion that a fair and just construction of the quoted provision, when taken with the numerous other provisions of the policy, all pointing to injuries accidentally suffered, did not require the insurer to defend the said Jones case wherein there was no allegation which, if proved, would bring this action within the coverage of the policy, and that appellant was entitled to the peremptory charge requested by it. Compare United States Fidelity &

Guaranty Co. v. Yazoo Cooperage Co., 157 Miss. 27, 127 So. 579; United States Fidelity & Guaranty Co. v. Cook, Miss., 179 So. 551.

Reversed and judgment here for appellant.