FRANK MICHENS v. STATE.

190 So. 819
Division A.
Opinion Filed July 28, 1939
Petition for Rehearing Withdrawn August 22, 1939

*Jos. S. White,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Writ of error brings for review judgment of conviction of manslaughter under an information charging murder in the second degree.

Plaintiff in error poses ten questions for our consideration, as follows:

"First.   Is an information charging murder in the second degree sufficient to support a conviction in the criminal court of record for manslaughter which merely alleges that defendant killed deceased while evincing a depraved mind, regardless of the life of the deceased, or any human being, without specifically alleging the absence of a premeditated design?"

"Second.   Where in a prosecution for murder in the second degree and the manifest weight of the evidence shows that defendant and deceased were behind a bar upon which a cash register set; that underneath the cash register were drawers in which deceased kept three pistols and a black-jack; that deceased cursed defendant and tried to extract a pistol from the drawer; that a scuffle ensued and deceased secured one of the pistols which defendant took from him; that while deceased was attempting to get possession of one of the remaining pistols defendant shot and killed deceased; that six highly respected, discerning white citizens testified that defendant bore a good reputation; that one of them testified that deceased's reputation for being a peaceful and law-abiding person was bad; that another testified that deceased was a 'bad' negro, is a verdict of manslaughter proper?

"Third.   Where a person is on trial upon an information charging murder in the second degree is it proper for the court to proceed in the admission of evidence and in its

instruction to the jury as if the charge was murder in the first degree, viz , is it proper for the court to admit evidence showing a premeditated design on defendant's part to effect the death of the deceased and to charge the jury that they may convict upon a finding that defendant did effect death with willful intent?

"Fourth. In a prosecution for murder in the second degree is it proper for the trial court to refuse to permit defendant's counsel, in making an opening statement to the jury, to describe the premises where the homicide occurred as counsel had personally observed them and where counsel assures the court that his description will be properly developed by the testimony of witnesses?

"Fifth. In a prosecution for murder in the second degree where a witness for the State has been permitted to testify that defendant and deceased engaged in an argument, both being behind a bar where drinks were served, and that defendant seized a pistol from a drawer and shot deceased, is it proper, on cross examination, for defendant's counsel to interrogate the witness as to the presence of other guns at or near the place where deceased was standing?

"Sixth. Where a negro is on trial for a criminal offense and a white person is called to testify on defendant's behalf concerning his good reputation in the community, is it proper for the court to refuse to permit the witness to testify concerning the circumstances under which he has known the defendant?

"Seventh. Where a negro is on trial upon a charge of murder in the second degree and the prosecution has offered evidence that defendant and deceased commenced an argument and defendant seized a pistol and deliberately shot and killed deceased, is it proper for defendant to offer in rebuttal testimony of a white person to the effect that the

accused had worked for the witness for many years and that defendant was not, by nature or habits, of a turbulent, treacherous, quarrelsome or blood-thirsty disposition?

"Eighth. Where, in a prosecution for murder in the second degree, the evidence shows that defendant took deceased's life in an altercation and defendant's witness (a white person) has testified that the reputation of deceased (a negro) for being a peaceful, quiet and law-abiding citizen is bad, is it proper for the court to refuse to permit the witness to testify whether such testimony was based on witness' own observations or on what others had told him?

"Ninth. Where, in a prosecution for murder in the second degree, defendant has testified that he took deceased's life in self-defense, shooting him with a pistol, that he immediately went to the residence of his former employer, C. S. Kearley, and gave the pistol to Mr. Kearley, and the pistol has not been produced or accounted for by the prosecution and its calibre and size are material to the issues, is it proper for the court to refuse to permit Mr. Kearley when called as a witness for the defendant, to testify that defendant gave him the pistol on the day of the homicide and that he in turn, delivered it to a police officer.

"Tenth. In a prosecution for murder in the second degree is it proper for the court to give the following instruction to the jury:

" 'Reasonable doubt, gentlemen, which the court speaks to you about is not mere possibility of a doubt, or a speculative, imaginary or forced doubt, but must be a doubt naturally arising from the evidence or the lack of evidence, and, as the words themselves import, must be a reasonable doubt; a doubt for which you can give a reason; a doubt which a reasonable man would entertain. Reasonable doubt does not mean a mere possible doubt because everything .

relating to human affairs and depending on moral evidence is open to some possible doubt, but a reasonable doubt is that state of the case which after a full comparison and consideration of all the evidence leaves your minds in that condition that you cannot say that you feel an abiding conviction to a moral certainty of the truth of the charge.'"

The questions where basis for same is reflected in the record involve only elementary principles of law so well established contrary to the contentions of plaintiff in error that we feel no useful purpose can be served by writing an opinion specifically disposing of them.

The evidence is amply sufficient to have supported a verdict and judgment of conviction of murder in the second degree and a careful study of the entire record dicloses no reversible error.

The judgement is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.