MRS. LELIA KIRKLEY v. MERRIMACK MUTUAL FIRE INSURANCE COMPANY.

(Filed 9 June, 1950.)

1. Insurance § 43a—

While a policy covering accidental damage or loss to an automobile, except by collision, like other policies, will be construed strictly against the insurer when the provisions therein are ambiguous, yet the intention of the contracting parties as gathered from the instrument itself is controlling.

2. Same—

"Accidental" ordinarily implies that which is unintended, unexpected, unforeseen and fortuitous, and refers to the event or occurrence which produces the result and not to the result.

3. Same—

A policy covering all property damage to an automobile resulting from direct and accidental loss of or damage to the vehicle, except loss caused by collision, is held not to cover damage to the wooden frame of the station wagon insured caused by wood-boring insects entering at an unknown time and manner and remaining therein for an unknown period, certainly in the absence of evidence that the original infestation took place during the life of the policy.

APPEAL by plaintiff from Patton, Special Judge, at December Extra Civil Term, 1949, of MECKLENBURG.

This is an action to recover for alleged accidental loss or damage under the provisions of an automobile policy, issued by the defendant on 1 May, 1947, on the plaintiff's Special De Luxe 1946 Plymouth Station Wagon, and renewed each year thereafter until and including 1 May, 1949. The required premium was paid on the policy and the renewals thereof through 1 May, 1949, and the policy was in full force and effect from

1 May, 1947, until it was canceled by the defendant on 15 September, 1949.

The comprehensive loss or damage clause contained in the insurance policy, reads as follows: "Any direct and accidental loss of or damage to the automobile except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

The plaintiff alleges:

"In the month of June, 1949, the plaintiff discovered that some form of wood-boring beetle had got into the wooden portions of said station wagon and had eaten out large portions of such wood and weakened other portions so that the entire wooden frame work of the station wagon was seriously weakened and damaged. Portions of the body more particularly destroyed or damaged were the wheel house rail, window rail, and front quarter post of the left rear quarter; the wheel house rail, window rail, and front quarter post of the right rear quarter; right running board; left running board; left rear door, and right front door; all to the plaintiff's damage in the sum of $500.00.

"The aforesaid damage to the plaintiff's automobile constituted accidental damage to the said automobile in that such damage was entirely unforeseen by the plaintiff, occurred without the will or design of the plaintiff or of any other person, was unexpected, unusual and undesigned, the nature and type of the wood-boring beetle causing said damage being highly unusual in this section of the country, in fact unknown to experts, the method of entry into said station wagon being unknown, and the very presence of such beetles or any other wood-boring bug in a station wagon being a highly unusual occurrence."

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that:

(1) The complaint does not allege that any direct and accidental damage occurred during the effective dates of the insurance.

(2) The complaint shows on its face that the alleged damage was caused by the infestation of some type of beetle, termite or other wood-boring insect and was not a direct and accidental damage as contemplated by the defendant's policy of insurance.

The court below sustained the demurrer and entered judgment accordingly. The plaintiff excepted, appealed and assigns error.

*Jones & Small for plaintiff.*
*Smathers & Carpenter for defendant.*

DENNY, J. Does damage to the wooden frame of the plaintiff's station wagon caused by wood-boring insects, entering at an unknown time and in an unknown manner and remaining therein for an unknown period, constitute direct and accidental damage or loss, as contemplated under the provisions of the comprehensive loss or damage clause of the automobile insurance policy issued to the plaintiff by the defendant? This question in our opinion must be answered in the negative.

The so-called comprehensive coverage policy is written for the purpose of including all property damages to an automobile resulting from "direct and accidental loss of or damage to such automobile except loss caused by collision . . ." Even so, in our opinion, the loss complained of in this action is not "accidental" within the meaning of the provisions of the policy, although the loss sustained may be traceable to the infestation of the wooden portions of the body of the plaintiff's station wagon by some kind of wood-boring beetle.

The mere fact that an occurrence is infrequent or unusual or even unexpected, does not necessarily make it an accident within the meaning of a casualty insurance policy. It is the general rule to construe such policies strictly against the insurer when the provisions therein are ambiguous, but like any other contract the intention of the contracting parties must be gathered from the instrument itself. *Crowell v. Ins. Co.,* 169 N.C. 35, 85 S.E. 37; *McCain v. Ins. Co.,* 190 N.C. 549, 130 S.E. 186; *Jolley v. Ins. Co.,* 199 N.C. 269, 154 S.E. 400; *Woodell v. Ins. Co.,* 214 N.C. 496, 199 S.E. 719; *Stanback v. Ins. Co.,* 220 N.C. 494, 17 S.E. 2d 666; *Bailey v. Ins. Co.,* 222 N.C. 716, 24 S.E. 2d 614.

"Accidental" means, in common speech, that which is unintended, unexpected, unforeseen and fortuitous, or, to put it another way, an accident in its ordinary sense is an event caused by some casualty, disaster, chance, mishap, misadventure, or hazard. It is defined in Black's Law Dictionary, 3rd Ed., p. 23, as "an unforeseen event, occurring without the will or design of the person whose mere act caused it; an unexpected, unusual, or undesigned occurrence; the effect of an unknown cause, or, the cause being known, an unprecedented consequence of it; a casualty." See also *North American Accident Ins. Co. v. Henderson,* 180 Miss. 395, 177 So. 528; *New York Life Ins. Co. v. Wood,* 182 Miss. 233, 190 So. 819; *Stuart v. Occidental Life Ins. Co.,* 156 Ore. 522, 68 P. 2d 1037; *U. S. Mutual Accident Asso. v. Barry,* 131 U.S. 100, 33 L. Ed. 60; *Crutchfield v. R. & D. R. R. Co.,* 76 N.C. 320; *Harris v. Ins. Co.,* 204 N.C. 385, 168 S.E. 208; *Mehaffey v. Ins. Co.,* 205 N.C. 701, 172 S.E. 331, and *Fletcher v. Trust Co.,* 220 N.C. 148, 16 S.E. 2d 687.

The damages sustained by the plaintiff may have been unusual and unexpected, but were they the result of "direct and accidental loss," as contemplated in the comprehensive clause of the insurance policy in-

volved? The infestation apparently existed over a period of years. It did not cause an accident directly or otherwise, unless we construe the infestation of the station wagon by wood-boring beetles to be an accident. For ordinarily, the words "accident" and "accidental" refer to the event or occurrence which produces the result and not the result. *Fletcher v. Trust Co., supra.*

Therefore, conceding, but not deciding, that the infestation was an accident and that the loss complained of resulted therefrom, there is no allegation in the plaintiff's complaint to the effect that the entry and damages caused by the wood-boring beetle referred to in the complaint, occurred between the effective dates of the policy. In fact there is no allegation as to the identity of the insect or beetle, nor as to the rapidity with which it usually destroys wood of the type and character used in constructing the body of plaintiff's station wagon. It is quite possible, since the nature and type of the wood-boring beetle, causing the damage complained of, is unknown in this section of the country, and the station wagon is a 1946 model, and the method of entry into said station wagon is alleged to be unknown, that the original infestation took place prior to 1 May, 1947.

The case is a novel one, but in our opinion the judgment sustaining the demurrer should be

Affirmed.