THELMA McDANIEL, Administratrix of the Estate of EUGENIA McDAN-
IEL, Deceased, v. IMPERIAL LIFE INSURANCE COMPANY.

(Filed 14 December, 1955.)

**1. Insurance § 39—**

Where a policy provides benefits in case of death of insured through external, violent and accidental means which, except in the case of drowning or death from internal injuries revealed by an autopsy, leave a visible contusion or wound upon the exterior of the body, proof of death by heatstroke or sunstroke does not come within the coverage regardless of whether such death be deemed through external, violent or accidental means, since there is no visible contusion or wound upon the exterior of the body.

**2. Insurance § 13a—**

While a policy of insurance must be construed liberally with respect to the persons insured and strictly with respect to the insurance company, yet insurance contracts must be construed according to the meaning of the terms used, and when the words are plain and unambiguous, they must be given their ordinary meaning.

APPEAL by plaintiff from *Hall, S. J.,* May-June Term 1955, DURHAM Superior Court.

Civil action to recover $1,100.00 death benefits under policy of insurance. For a premium of ten cents (10c) per week the defendant issued to William McDaniel its policy No. 260550, insuring him against death by external, violent and accidental means. Eugenia McDaniel, wife, was the named beneficiary. The controversial provision in the policy is here quoted:

"CONDITIONS, EXCEPTIONS AND LIMITATIONS:

"Upon receipt of satisfactory proof to the Company at its Home Office while this Policy was in full force and effect, that the Insured,

during the premium paying period of the Policy, has sustained bodily injury resulting in death within ninety (90) days thereafter through external, violent and accidental means, of which, except in case of drowning or of internal injuries where revealed by an autopsy, there is a visible contusion or wound, on the exterior of the body, death being the direct result thereof, and independent of all other causes, then upon surrender of this policy, the sum stipulated herein becomes payable to the Beneficiary, appearing as such upon the records at the Company's Home Office."

The policy also provided the insurer shall have the right and opportunity to examine the insured and make an autopsy in case of death when it is not forbidden by law.

Eugenia McDaniel died 15 August, 1952. The plaintiff qualified as her personal representative and brought this action in that capacity.

On 25 June, 1952, according to plaintiff's medical testimony, the insured was carried to Lincoln Hospital in an unconscious condition with a temperature of 109 degrees. He died about two hours later. The cause of death was heatstroke. Plaintiff's medical expert testified there was no visible contusion or wound on the body. No autopsy was performed. There was no evidence to the contrary.

At the conclusion of plaintiff's evidence motion for nonsuit was granted and from judgment accordingly, the plaintiff appealed.

*M. Hugh Thompson and F. B. McKissick for plaintiff, appellant.*

*Gantt, Gantt & Markham, By: Samuel F. Gantt, for defendant, appellee.*

HIGGINS, J. Discussed at length in the briefs is the question whether death as a result of heatstroke or sunstroke is a death through external, violent and accidental means. While this Court has never passed on the question, other courts have and their decisions are in conflict. *Landress v. Phoenix Ins. Co.*, 29 U.S. 491; *Rollins v. Ins. Co.*, 109 Tenn. 89; *Bryant v. Casualty Co.*, 107 Texas 582; *O'Connell v. New York Life Ins. Co.*, 220 Wis. 61.

In the view we take of this case, however, it is not necessary to decide whether death as a result of heatstroke or sunstroke is a death "through external, violent, and accidental means." The plaintiff's evidence shows death was not as a result of drowning; that death did not result from internal injuries revealed by an autopsy. The plaintiff's evidence having eliminated drowning and internal injuries revealed by an autopsy, in order to recover, the plaintiff must show "death through external, violent and accidental means of *which . . . there is a visible contusion or wound upon the exterior of the body.*" There was no visible contu-

sion or wound on the exterior of the body. Thus the insured is not brought within the coverage of the policy.

While we adhere to the principle that insurance policies must be construed liberally with respect to the persons insured and strictly with respect to the insurance company, yet insurance contracts will be construed according to the meaning of the terms the parties have used. When the words are plain and unambiguous they will be given their ordinary meaning. *Ins. Co. v. Wilkinson,* 13 Wall (80 U.S. 232); *Roberts v. Ins. Co.,* 212 N.C. 1, 192 S.E. 873; *Kirkley v. Ins. Co.,* 232 N.C. 292, 59 S.E. 2d 629; *Barker v. Ins. Co.,* 241 N.C. 397, 85 S.E. 2d 305; *McDowell Motor Co. v. Underwriters,* 233 N.C. 251, 63 S.E. 2d 538; *Gould v. Atlantic,* 229 N.C. 518, 50 S.E. 2d 295; *Lineberry v. Security Life,* 238 N.C. 264, 77 S.E. 2d 652.

The language of the policy seems to be plain and free from ambiguity. The plaintiff's evidence shows lack of coverage. For that reason the judgment of the Superior Court of Durham County is

Affirmed.