Avis v. Insurance Co.

DWIGHT E. AVIS AND WIFE, MARGARET C. AVIS v. THE HARTFORD
FIRE INSURANCE COMPANY, A CORPORATION

No. 7228DC797

(Filed 22 November 1972)

**1. Insurance § 143— fortuitous event defined**

A fortuitous event is an event dependent on chance; thus, fortuitous is synonymous with accident.

**2. Insurance § 143— "all risk" policy — fortuitous event**

An "all risk" policy obligates the insurer to pay for loss caused by a fortuitous and extraneous event, but does not obligate the insurer to pay for loss or damage likely to happen because of the nature and inherent qualities of the property insured.

**3. Insurance § 144— "all risk" insurance — fortuitous event — failure of wood to hold paint**

Loss occasioned when paint applied to paneling and woodwork in plaintiffs' home began to blister and peel and attempts to remove all the paint and to repaint areas where paint had been removed were unsuccessful because of qualities in the wood or in a finish on the wood, leaving the wood stained and mottled, *held* not a fortuitous event covered by a policy insuring plaintiffs' home against "all risks of physical loss."

APPEAL by defendant from *Winner, Judge,* 24 April 1972 Session of District Court held in BUNCOMBE County.

This is a civil action wherein plaintiffs, Dwight E. Avis and wife, Margaret C. Avis, seek to recover damages from defendant, The Hartford Fire Insurance Company, under the terms of a fire insurance policy issued by defendant, insuring plaintiffs' home against "all risks of physical loss." After a trial without a jury, the court made findings of fact which, except where quoted, are summarized as follows:

Plaintiffs purchased from the defendant a policy of insurance which insured their home against "all risks of physical loss." In October, 1965, R. A. Ingle was employed by plaintiffs "to paint certain woodwork in the 3 upstairs bedrooms in the dwelling and 2 baths." Approximately one month after the painting was completed, some of the paint had begun "to blister and peel." Attempts by R. A. Ingle in January, 1966, to remove the paint on the paneling by application of commercial paint solvents were unsuccessful. Attempts to repaint the areas where the paint had been removed were also unsuccessful. On 21 Jan-

uary 1966 plaintiffs notified defendant of the condition of the walls, and on 7 September 1966, "the defendant acting through its insurance adjuster informed the plaintiffs that the defendant would not pay the claim because there had not been an 'accident' within the coverage of the policy."

Based upon these findings of fact, the trial court concluded as a matter of law:

> "That the diminution in market value of the wood paneling, molding, baseboards, frames around windows and doors and closet doors in January of 1966, resulting from the fact that all of the paint on the wood paneling and woodwork herein could not be removed and that the areas from which paint had been removed could not be painted and from the staining and mottling of the said wood paneling and woodwork was a fortuitous event and happening occurring in January of 1966 without intentional or fraudulent acts on the part of the plaintiffs and is within the coverage of the 'all risks' provision of the policy upon which suit has been instituted, and that said loss and damage is within the terms and meaning of the policy provision quoted in Paragraph 2 of the findings of fact, and said loss and diminution in market value was not within the terms of any of the pleaded conditions, exclusions or exceptions to coverage under said policy."

From a judgment that plaintiffs recover of the defendant $1,625.92 with interest, defendant appealed.

*Bennett, Kelly & Long, P.A., by Robert B. Long, Jr., for plaintiff appellees.*

*Williams, Morris and Golding by William C. Morris, Jr., for defendant appellant.*

HEDRICK, Judge.

It is generally recognized that the liability of an insurer under an "all risk" policy is limited to losses resulting from a fortuitous event. Annot., 88 A.L.R. 2d 1124 (1963). Thus the critical question raised by this appeal is whether the loss in issue was occasioned by a fortuitous event.

[1, 2]　A fortuitous event is an event dependent on chance. Restatement of Contracts § 291, comment *a* at 430 (1932). Thus,

fortuitous is synonymous with accident. *Kirkley v. Insurance Company,* 232 N.C. 292, 59 S.E. 2d 629 (1950). An "all risk" policy obligates the insurer to pay for loss caused by a fortuitous and extraneous event, but does not obligate the insurer to pay for loss or damage likely to happen because of the nature and inherent qualities of the property insured. Therefore, to recover under this policy of insurance, plaintiffs must establish not only that a loss occurred, but that it was fortuitous, i.e., that it resulted from a risk as opposed to being an ordinary and probable consequence of the inherent qualities of the surfaces to be painted. *Glassner v. Detroit Fire and Marine Insurance Company,* 23 Wis. 2d 532, 127 N.W. 2d 761 (1964).

[3] In the present case, the trial court's conclusion that the loss, "resulting from the fact that all of the paint on the wood paneling and woodwork herein could not be removed and that the areas from which paint had been removed could not be painted and from the staining and mottling of the said wood paneling and woodwork was a fortuitous event and happening occurring in January of 1966" is simply not supported by the evidence or the findings of fact.

Plaintiff, Margaret C. Avis, testified:

"Because of the finish to this wall, or to these walls, the paint wouldn't stay on, and the remover made it even worse."

"Nothing had been done to these walls other than a finish put on them, to my knowledge. There had been some kind of a finish put on them. We couldn't seem to get the paint to stick to that finish even though we applied it over and over."

"As to whether I relate the coming off of the paint to the finish that the walls had on them, well, it wouldn't let the paint stay on them."

Plaintiff, Dwight E. Avis, testified:

"As to whether I attributed this paint coming off to the finish that was on the paneling and woodwork, I think that was probably the reason. It was either in the wood or in the finish. Whether it was in the wood or in the finish, the fact remains that it just wouldn't hold paint."

Ernest Reed, a witness for plaintiff, testified:

"It is my opinion that these walls, woodwork, would simply not hold paint. That was my opinion because of the finish that they had on them. . . . This was simply a surface on which paint would not stick. It didn't make any difference what kind of paint it was, it wouldn't stick or stay on it."

Plaintiffs' evidence negates the possibility that the damage to plaintiffs' property was produced by a fortuitous event and conclusively establishes that the loss was the product of the inherent qualities of the property insured.

The judgment appealed from is

Reversed.

Judges VAUGHN and GRAHAM concur.