HARRY'S CADILLAC-PONTIAC-GMC TRUCK CO., INC. Plaintiff v. MOTORS INSURANCE CORPORATION and MIC PROPERTY AND CASUALTY INSURANCE CORPORATION, Defendants

No. COA96-1211

(Filed 1 July 1997)

### Insurance § 1288 (NCI4th)— commercial insurance—snow-storm—loss of business—not due to property damage

The trial court properly granted summary judgment for defendants in an action in which plaintiff car dealer sought to recover lost profits under a commercial insurance policy for loss of income due to a snowstorm. The business interruption clause in the policy does not cover all business interruption losses, but only those losses requiring repair, rebuilding, or replacement. Plaintiff neither alleged nor offered proof that its lost business income was due to damage to or the destruction of the property; all the evidence shows that the loss was proximately caused by plaintiff's inability to access the dealership due to the snowstorm.

Am Jur 2d, Insurance §§ 2009 et seq.

Reformation of property insurance policy to correctly identify property insured. 25 ALR3d 1232.

Liability policy providing coverage for damages because of injury to or destruction of property as covering injury to investments, anticipated profits, and goodwill. 92 ALR3d 525.

**HARRY'S CADILLAC-PONTIAC-GMC TRUCK CO. v. MOTORS INS. CORP.**

[126 N.C. App. 698 (1997)]

Appeal by plaintiff from order entered 24 June 1996 by Judge Ronald E. Bogle in Buncombe County Superior Court. Heard in the Court of Appeals 15 May 1997.

*Root & Root, P.L.L.C., by Allan P. Root, for plaintiff-appellant.*

*Russell & King, P.A., by Sandra M. King and Bryant D. Webster, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff Harry's Cadillac brought this action to recover lost profits under a commercial insurance policy issued by defendant Motors Insurance. The claim arose upon the following undisputed facts:

Plaintiff maintained a car dealership in Buncombe County, North Carolina. On 12 and 13 March 1993, a snowstorm struck Buncombe County, causing plaintiff's dealership to be inaccessible for a week. At the time of the snowstorm, plaintiff was insured by defendant under a commercial insurance policy which provided basic coverage and also included protection against loss of income resulting from the suspension of business due to property repairs. Plaintiff filed a claim under its basic coverage for damage to its roof sustained as a result of the storm, and defendant paid the claim. Neither the roof damage nor the repairs thereto caused an interruption of plaintiff's business. However, plaintiff also filed a claim to recover profits allegedly lost because of the interruption of its business due to the snowstorm. Defendant denied the claim for business interruption loss and plaintiff filed this action seeking damages in the amount of $53,700. After discovery, defendant moved for summary judgment. Plaintiff appeals from an order granting defendant's motion.

When considering a motion for summary judgment, the trial court is required to view the pleadings, affidavits, and discovery materials in the light most favorable to the non-moving party to determine whether any genuine issues of material fact exist and, if there are none, whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1990); *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992).

The sole issue on appeal is whether plaintiff's alleged lost profits are covered under the language of the business interrup-

tion coverage provided by the insurance policy. Plaintiff argues that its inability to gain access to the dealership due to the snowstorm rendered the business as lost to plaintiff as it would have been "had the storm leveled the premises," and that this loss triggered coverage. Defendant contends, however, that, except for the damage to plaintiff's roof, which was covered by the policy and did not result in any interruption to the business, there was no "direct physical loss or damage" that resulted in a loss of business income during a period of restoration so as to come within the business interruption coverage. Thus, we must determine the meaning of the policy's language.

Insurance policies are to be strictly construed against the insurer, with any ambiguity being resolved in favor of the insured. *Estate of Bell v. Blue Cross and Blue Shield*, 109 N.C. App. 661, 428 S.E.2d 270 (1993). The construction of insurance policy provisions and the meaning of policy language is a question of law for the courts to decide. *U.S. Fidelity & Guaranty Co. v. Country Club of Johnston County, Inc.*, 119 N.C. App. 365, 458 S.E.2d 734, *disc. review denied*, 341 N.C. 656, 462 S.E.2d 527 (1995). Generally, business interruption insurance is intended to return to the insured the amount of profit it would have earned had the event insured against not occurred. *See Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co.*, 475 F. Supp. 586 (W.D.Pa. 1979), *affirmed in part, reversed in part on other grounds*, 632 F.2d 1068 (3rd Cir. 1980), *cert. denied*, 451 U.S. 986, 68 L.Ed.2d 843 (1981).

The business interruption clauses of defendant's policy provide in pertinent part:

> BUSINESS INCOME COVERAGE FORM (AND EXTRA EXPENSE)
>
> A. COVERAGE
>
> . . .
>
> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or damage to property at the premises described in the Declarations, including personal property in the open (or in a vehicle) within 100 feet, caused by or resulting from any Covered Cause of Loss.

1. Business Income

Business income means the:

a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

b. Continuing normal operating expenses incurred, including payroll.

2. Covered Causes of Loss

See applicable Causes of Loss Form as shown in the Declarations.

. . .

G.  DEFINITIONS

. . .

3. "Period of Restoration" means the period of time that:

a. Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and

b. Ends on the date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality.

The "Causes of Loss - Special Form" provision provides in pertinent part:

A.  COVERED CAUSES OF LOSS

When Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS. . . .

The scope of coverage for business interruption losses and related extra expenses is defined by the phrase "loss of business income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' " The phrase places a condition upon recovery for losses and expenses; that is, that losses be incurred during the indemnity period. The policy defines "period of restoration" as the period between "the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises" and the date "when the property at the described premises should be repaired, rebuilt or replaced with reasonable

speed and similar quality." The business interruption clause does not cover all business interruption losses, but only those losses requiring repair, rebuilding, or replacement. The United States Eighth Circuit Court of Appeals interpreted policy language similar to this case as establishing an indemnity period that runs concurrently with an interruption due to an insured peril and lasts until the damaged property is restored. *See Western American, Inc. v. Aetna Casualty & Surety Co.*, 915 F.2d 1181 (8th Cir. 1990) (indemnity clause stating "for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed commencing with the date of such damage or destruction and not limited by the date of expiration of this policy").

Based on the language used in defendant insurance company's policy, we hold that the business interruption clause is not applicable to the facts in this case. Plaintiff neither alleged nor offered proof that its lost business income was due to damage to or the destruction of the property, rather all the evidence shows that the loss was proximately caused by plaintiff's inability to access the dealership due to the snowstorm. There was no suspension of business due to the roof damage or the repairs thereto. We hold that, under the language of the business interruption clause of the policy, coverage is provided only when loss results from suspension of operations due to damage to, or destruction of, the business property by reason of a peril insured against.

Therefore, the loss incurred by plaintiff as a result of the inaccessibility of its dealership due to the snowstorm cannot be considered a covered cause of loss within the indemnity period for purposes of the business interruption coverage of the policy. Accordingly, summary judgment in defendant's favor was proper.

Affirmed.

Judges LEWIS and WYNN concur.