IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-455

No. COA21-293

Filed 5 July 2022

Durham County, No. 20 CVS 02569

NORTH STATE DELI, LLC d/b/a LUCKY'S DELICATESSEN, MOTHERS & SONS, LLC d/b/a MOTHERS & SONS TRATTORIA, MATEO TAPAS, L.L.C. d/b/a MATEO BAR DE TAPAS, SAINT JAMES SHELLFISH LLC d/b/a SAINT JAMES SEAFOOD, CALAMARI ENTERPRISES, INC. d/b/a PARIZADE, BIN 54, LLC d/b/a BIN 54, ARYA, INC. d/b/a CITY KITCHEN and VILLAGE BURGER, GRASSHOPPER LLC d/b/a NASHER CAFE, VERDE CAFE INCORPORATED d/b/a LOCAL 22, FLOGA, INC. d/b/a KIPOS GREEK TAVERNA, KUZINA, LLC d/b/a GOLDEN FLEECE, VIN ROUGE, INC. d/b/a VIN ROUGE, KIPOS ROSE GARDEN CLUB, LLC d/b/a ROSEWATER, and GIRA SOLE, INC. d/b/a FARM TABLE and GATEHOUSE TAVERN, Plaintiffs,

v.

THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI CASUALTY COMPANY; MORRIS INSURANCE AGENCY INC.; and DOES 1 THROUGH 20, INCLUSIVE, Defendants.

Appeal by Defendants from order entered 9 October 2020 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 9 March 2022.

> *The Paynter Law Firm, PLLC, by Gagan Gupta and Stuart M. Paynter, for Plaintiffs-Appellees.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Kimberly M. Marston, Jim W. Phillips, Jr., and Gary S. Parsons, for Defendants-Appellants.*
>
> *Robinson & Cole LLP, by Roger A. Peters, II, for amici curiae American Property Casualty Insurance Association and National Association of Mutual Insurance Companies.*

*Deputy Solicitor General Sarah G. Boyce for amicus curiae The State of North Carolina.*

*Kimberly M. Rehberg for amici curiae City of Charlotte, City of Durham, and Former State Commissioner of Insurance George Wayne Goodwin.*

*Robinson, Bradshaw & Hinson, P.A., by Richard C. Worf, Jr., and Covington & Burling LLP, by Allison Hawkins, for amicus curiae United Policyholders and National Independent Venue Association.*

*Crabtree Carpenter, PLLC, by Guy W. Crabtree, and Thompson Hammerman Davis LLP, by Gary S. Thompson and Kristin C. Davis, for amicus curiae North Carolina Restaurant & Lodging Association and Restaurant Law Center.*

DILLON, Judge.

¶ 1        Defendants appeal from an Order Granting Plaintiffs' Rule 56 Motion for Partial Summary Judgment. In this case, we must interpret provisions of Plaintiffs' commercial insurance policies (the "Policies"). Because we conclude the unambiguous terms of the Policies did not provide the coverage Plaintiffs sought, we reverse the ruling below.

## I. Background

¶ 2        Plaintiffs are sixteen (16) North Carolina restaurants insured by Defendants under the Policies.[1] The issue in this case is whether Plaintiffs are entitled to insurance coverage under their Policies for the business losses they incurred due to

---

[1] Each Plaintiff's policy has identical relevant provisions.

the COVID-related shutdowns.

¶ 3      The Policies each contain a provision providing for the loss of the restaurants'

business income ("Business Income Provision"):

> We will pay for the actual loss of "Business Income" . . . you
> sustain due to the necessary "suspension" of your
> "operations" during the "period of restoration". The
> "suspension" must be caused by direct "loss" to property at
> a "premises" caused by or resulting from any Covered
> Cause of Loss.

¶ 4      The Policies provide that "Loss" means "accidental physical loss or accidental

physical damage."

¶ 5      In March of 2020, state and local government orders were issued in response

to the COVID-19 pandemic (the "Governmental Orders"). The Governmental Orders

restricted restaurant operations to carry-out/take-out and delivery operations only.[2]

Following these orders, fourteen (14) of sixteen (16) Plaintiffs closed their restaurants

completely. Two restaurants continued to operate under the Governmental Orders'

limitations until fully closing in May 2020. Plaintiffs decided to close their

restaurants due to the financial repercussions of the Governmental Orders.

¶ 6      In May 2020, Plaintiffs sought coverage from Defendants under their Policies

for loss of income and expenses from their reduced or stopped business operations,

---

[2] *See* North Carolina Executive Orders No. 116-18, 120-21, 131; *see also* Second
Amendment to Declaration of State of Emergency in the City of Durham (Mar. 25, 2020).

filing a motion for partial summary judgment. Defendants disputed coverage and filed a Rule 12(b)(6) motion to dismiss.

¶ 7 After hearing argument on the motions, the trial court entered judgment for Plaintiffs on their First Claim for Relief, which sought a declaratory judgment that "the Policies cover Business Income and Extra Expense . . . resulting from governmental action that forced Plaintiffs to suspend operations." Plaintiffs' First Claim for Relief did not seek damages or other relief. The trial court concluded that "the Policies provide coverage for Business Income and Extra Expenses for Plaintiffs' loss of use and access to covered property mandated by the Governmental Orders as a matter of law." Defendants appealed from the trial court's Order Granting Plaintiffs' Rule 56 Motion for Partial Summary Judgment (the "Order").

## II. Standard of Review

¶ 8 "In North Carolina, determining the meaning of language in an insurance policy presents a question of law for the Court." *Accardi v. Hartford Ins. Co.*, 373 N.C. 292, 295, 838 S.E.2d 454, 456 (2020). We review these questions of law *de novo* on appeal. *Register v. White*, 358 N.C. 691, 693, 599 S.E.2d 549, 552 (2004).

## III. Analysis

¶ 9 "When interpreting an insurance policy, courts apply general contract interpretation rules. As in other contracts, the objective of construction of terms in an insurance policy is to arrive at the insurance coverage intended by the parties

when the policy was issued." *Accardi*, 373 N.C. at 295, 838 S.E.2d at 456 (internal quotation marks and citation omitted). A court should construe a policy in accordance with its terms, but ambiguous terms are construed against the insurer and in favor of the policyholder. *Id*. at 295, 838 S.E.2d at 456. Ambiguity exists when a provision is "fairly and reasonably susceptible to either of the constructions for which the parties contend." *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970).

¶ 10        A term should be given its defined meaning if provided in the policy. *Id*. at 354, 172 S.E.2d at 522. If a term is not defined within the policy, the court "must define the term in a manner that is consistent with the context in which the term is used, and the meaning accorded to it in ordinary speech." *Accardi*, 373 N.C. at 295, 838 S.E.2d at 457. "Care will be taken to give the various clauses of the policy an interpretation consistent with the main purpose of the contract[.]" *Woodell v. Aetna Ins. Co.*, 214 N.C. 496, 499, 199 S.E. 719, 721 (1938).

¶ 11        Here, Defendants argue that the trial court erred in concluding that the Governmental Orders temporarily restricting the scope of their restaurant operations constituted direct physical loss or damage to the property. We agree for the reasoning below. Because this issue is dispositive in this case, we decline to address Defendants' alternative argument.

¶ 12        We considered a similar issue in *Harry's Cadillac-Pontiac-GMC Truck Co. v.*

*Motors Ins. Co.*, 126 N.C. App. 698, 486 S.E.2d 249 (1997). That case involved potential customers who were unable to access the insured location due to a snowstorm blocking the entrance. *Id.* at 699, 486 S.E.2d at 250. Our Court concluded there to be no coverage under a business interruption clause when the insured property was not "caused by direct physical loss of or damage to property at the premises" as required by the policy. *Id.* at 700, 486 S.E.2d at 251.

¶ 13 Further, recent cases from the Fourth Circuit have agreed that similar or identical policy provisions do not provide coverage for business interruption losses due to COVID-19 governmental orders because there is no direct physical loss or damage to the insured property. *See, e.g., Fs Food Group LLC v. Cincinnati Ins. Co.,* 2022 US Dist. LEXIS 22598 (Feb. 8, 2022); *Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, 2021 U.S. Dist. LEXIS 40613 (E.D.N.C. Mar. 4, 2021). These cases involve the application of North Carolina law, and we find them persuasive.

¶ 14 We agree with these courts that the relevant provisions of the Policies are unambiguous. Plaintiffs did not allege that their loss resulted from physical harm to their property, but that the Governmental Orders resulted in loss of business. Plaintiffs' desired definition of "physical loss" as a general "loss of use" is not supported by our caselaw or the unambiguous language in the Policies. According to the plain language of the Policies, only *direct*, accidental, *physical* loss or damage to the property is covered. Therefore, the trial court erred in granting partial summary

judgment to Plaintiffs on their First Claim for Relief.

## III. Conclusion

¶ 15 We reverse the trial court's grant of partial summary judgment to Plaintiffs on their First Claim for Relief and direct the trial court to enter summary judgment in favor of Defendants on this claim.

REVERSED AND REMANDED.

Judges HAMPSON and WOOD concur.